**Ronnie Joseph CALABRIA**

v.

**The STATE of Texas.**

**No. 09–94–101 CR.**

Court of Appeals of Texas, Beaumont.

Sept. 28, 1994.

Harry J. Fleming, Houston, for appellant.

John B. Holmes, Dist. Atty., Scott A. Durfee, Asst. Dist. Atty., Houston, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

On September 10, 1993, the appellant was charged by indictment with the felony offenses of theft and unauthorized use of a motor vehicle. The indictment included enhancement paragraphs alleging prior felony convictions for burglary of a motor vehicle and theft. The case was tried before the trial court and the appellant entered a plea of not guilty. The trial court found the appellant guilty of the charged offenses. The trial court also found the allegations in the enhancement paragraphs in the indictment to be true. The appellant was sentenced to thirty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. The appellant now appeals.

The appellant brings before this court for consideration one point of error alleging that the verdict of the court was based upon evidence which is insufficient to support a conviction. Appellant basically argues that the evidence is insufficient to establish that appellant intentionally and knowingly committed the offense of theft of an automobile.

When the sufficiency of the evidence is challenged, this court is to review the evidence in the light most favorable to the verdict. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984). When this appellate court is reviewing challenges to the sufficiency of the evidence, it is not the duty of this court to sit as a thirteenth juror in reviewing the evidence or deciding whether it believes the evidence established the element in contention beyond a reasonable doubt, but rather, it must ascertain whether the trier of fact, acting rationally, could have found the evidence sufficient to establish the element beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *See Chambers v. State*, 805 S.W.2d 459 (Tex. Crim.App.1991).

In reviewing the facts in this case in accordance with the above standard of review, the record reflects that in the early morning hours of August 3, 1993, Paul Ortiz was cleaning out a storage site, having already loaded its contents into his 1986 Mazda pickup truck which was parked nearby. While scrubbing the floor of the storage site, Ortiz heard a noise outside. He turned and observed a man inside his truck.

The man closed the driver's side door and started to drive the truck away. As he pulled away, the owner, Ortiz, caught up with the truck and hit the driver's side window with a broom, shattering it. The driver of the truck continued forward, away from Ortiz, and nearly struck a car coming in the opposite direction. It so happened that the

driver of the other car was an off-duty Harris County Sheriff's Deputy, Fred Persons.

Ortiz told Persons that his truck had just been stolen. Deputy Persons followed the stolen truck which belonged to Ortiz. The deputy sheriff continued in his pursuit of the stolen Mazda pickup truck. The deputy called the Pasadena Police Department on his cellular phone asking for assistance. The deputy informed the Pasadena Police Department of the direction in which the stolen Mazda pickup truck was travelling.

Shortly thereafter, Pasadena Police Department Officer Ronald Pameter [sic] joined the chase. Officer Pameter was in his marked patrol unit when the call came in over the radio. This officer was in the vicinity. The officer responded to the call. The officer spotted the stolen pickup truck and got behind the truck and activated his emergency equipment. The chase continued for about a half-mile through a residential neighborhood while the driver of the truck was attempting to elude the officers. However, he was unsuccessful. Then the driver decided to exit the pickup truck from the driver's side door and flee on foot. The driver of the stolen pickup truck was identified as being the appellant.

Deputy Persons and Officer Pameter chased the appellant on foot through the neighborhood into and out of the adjacent park and over the back fence of a residence. After Officer Pameter was unsuccessful in attempting to tackle the appellant, he and Deputy Persons continued the chase and caught the appellant in a carport. Neither Persons nor Pameter lost visual contact with the appellant from the time the appellant fled from the truck until his was apprehended. The appellant kicked, rolled and resisted being handcuffed.

Mr. Ortiz, the owner, later identified the truck recovered at the scene of the appellant's arrest as being the truck that had been stolen from him.

In reviewing the record before us in light of *Jackson v. Virginia, supra,* we find that within minutes after the theft of Ortiz' truck, the appellant was chased by Deputy Persons and Officer Pameter until he was caught.

Both officers kept visual contact with the appellant throughout the entire chase. The appellant maintains that there were inconsistencies in the officers' and the owner's testimonies. These matters were before the trial court.

The trial court was the finder of fact and it was the duty of the trial court to weigh and consider the testimony of the witnesses; the factfinder had the prerogative to believe all, some, or none of any witness' testimony. Although the owner of the truck could not positively identify the appellant, we find that it was up to the trial court to weigh this piece of evidence. Both Persons and Pameter could definitely identify the appellant as the person who exited the driver's side of Ortiz' truck, fled the scene, and was caught by the deputy and the officer. The characteristics of the scene, the question of lighting at various points throughout the chase, and the proximity of the arrest to the appellant's home were all matters that the factfinder resolved in favor of the State and were matters that constituted strong, circumstantial evidence on the issue of the appellant's guilt. It is the factfinder's province to sift the truth in such matters under our system of criminal justice. *See Farris v. State,* 819 S.W.2d 490 (Tex.Crim.App.1990). The testimonies of the owner, the deputy, and the officer were more than adequate to support the trial court's judgment.

It is not the duty of this appellate court to reweigh the evidence, thus, we find that the evidence as presented to the trial court was sufficient to establish the appellant's guilt. Therefore, we overrule appellant's sole point of error and affirm the trial court judgment.

AFFIRMED.