Anthony Eugene JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–95–207 CR.

Court of Appeals of Texas,
Beaumont.

Submitted May 1, 1997.

Decided Aug. 13, 1997.

Rehearing Overruled Aug. 28, 1997.

**524**

Gaylyn Leon Cooper, Bernsen, Jamail & Goodson, Beaunont, for appellant.

Tom Maness, Criminal District Attorney, David W. Barlow, Assistant Criminal District Attorney, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from a conviction of murder. Trial was to a jury, whereupon the jury returned a verdict of guilty of the offense of murder as charged in the indictment. Appellant elected to have the jury assess his punishment, and the jury sentenced appellant to fifteen (15) years' confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine of $5,000.

Appellant urges four points of error: the jury charge was fatally flawed, the evidence was legally and factually insufficient to find appellant did not act in self-defense, there was an abuse of discretion by the trial judge in denying appellant's motion for new trial, and finally, improper prosecutorial argument occurred.

In anger, appellant went to the home of Errol Davis, the victim, at approximately 2:00 a.m. to retrieve a VCR which the victim had taken from the appellant's apartment. The appellant was accompanied by his female companion, Ms. Therese Bell. Upon entering the victim's home in the dark, appellant and the victim argued and a fight ensued. Ms. Bell testified she saw appellant strike the victim with a table. The appellant claimed that after he had entered the home in the dark and the argument started, he was struck with an object and fell over a table, breaking it, whereupon he picked up a portion of the table and swung wildly at Davis, who was coming toward him, and such acts were in defense of his life.

After committing the act of violence, the appellant took the victim and purportedly drove to a hospital. When he saw police at the hospital, he abandoned the body in a parking lot across from the hospital.

In his first point of error, Appellant asserts "[f]undamental error occurred because the jury charge was fatally flawed and allowed the jury to convict appellant based on the nature of his conduct rather than the result of his conduct." In the court's charge, murder is defined as follows: "a person commits the offense of murder if he intentionally or knowingly causes the death of an individual." The court further charged the jury as follows:

Now, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about December 5, 1993 the defendant Anthony Eugene Jones, did then and there intentionally or knowingly cause the death of an individual, namely: Erroll Davis, hereafter styled the Complainant, by hitting Complainant with a deadly weapon, to-wit: a table that in the manner of its use or intended use was capable of causing serious bodily injury or death, you shall find the defendant guilty of the offense of murder.

The appellant made no objection to the charge in the trial court but now complains on appeal that the charge was fatally flawed and it may have led the jury to convict appellant based on the fact that he intentionally engaged in conduct that resulted in the decedent's death as opposed to intentionally causing the result of his conduct, that is, the death of Erroll Davis.

Article 36.19 of the Texas Code of Criminal Procedure prescribes the manner for appellate review of jury charge error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984), *cert. denied*, 481 U.S. 1019, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987) (op. on reh'g). Review of jury charge error requires two steps: (1) the appellate court must determine whether error actually exists in the charge; and (2) the appellate court must determine whether sufficient harm resulted from the error to require reversal. *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex.Crim. App.1994).

Intentional murder is a "result of conduct" offense. *Martinez v. State*, 763 S.W.2d 413, 419 (Tex.Crim.App.1988), *cert. denied*, 512 U.S. 1246, 114 S.Ct. 2765, 129 L.Ed.2d 879 (1994). It must be found that the accused intended to engage in the act that caused the death and also must "have specifically intended that death result from that conduct." *Id.* This offense requires a nexus of the culpable mental state with the result of the conduct, rather than the nature of the conduct. *Cook v. State*, 884 S.W.2d 485, 490 (Tex.Crim.App.1994). A charge defining "intentionally" or "knowingly" as relating to the nature of the conduct as well as the result of the conduct is error. *Id.*

Although the trial court erred in not limiting the culpable mental states to the result of appellant's conduct, finding error in a jury charge does not result in an automatic reversal of a conviction. *Abdnor v. State*, 871 S.W.2d at 731. The "inquiry does not stop at the finding of error." *Alvarado v. State*, 912 S.W.2d 199, 225 (Tex.Cr.App.1995). Finding error in the jury charge begins, rather than ends, the appellate court's inquiry. *Cook v. State*, 884 S.W.2d at 491.

The determination of whether sufficient harm resulted from a charging error to warrant reversal depends upon whether a timely objection was made at trial. *Abdnor*, 871 S.W.2d at 732. Where an appellant makes an objection at trial, an appellate court will search only for "some harm." *Id.* Under this level of harm "the presence of any harm, regardless of degree, which results from preserved charging error, is sufficient to require a reversal of the conviction." *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim.App.1986). By contrast, when a timely objection has not been made at trial and error is asserted for the first time on appeal, a reviewing court will search for "egregious harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1984); *Arline*, 721 S.W.2d at 351; *Abdnor*, 871 S.W.2d at 732. An appellant must claim that the error was "fundamental," and "will obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial.'" *Almanza*, 686 S.W.2d at 171; *Arline*, 721 S.W.2d at 351; *Patrick v. State*, 906 S.W.2d 481, 492 (Tex.Crim.App.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996).

In both circumstances, whether the court is making a determination based on "some harm" or "egregious harm," "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *Patrick*, 906 S.W.2d at 492; *Alvarado*, 912 S.W.2d at 225. As a part of this harm analysis, the court may consider the degree, if any, to which the culpable mental states, broadly defined in the abstract portion of the charge were limited by the application portions of the jury charge. *Cook*, 884 S.W.2d at 492 n. 6; *Patrick*, 906 S.W.2d at 492. The application paragraph asks the jury to determine whether appellant "did intentionally or knowingly cause the death of Erroll Davis." The terms "intentionally" and "knowingly" directly modify the phrase "cause the death." Murder was defined by the jury charge. The charge did not authorize the jury to

convict appellant on his conduct alone. *See Turner v. State,* 805 S.W.2d 423, 431 (Tex. Crim.App.), *cert. denied,* 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991).

The State argued appellant intentionally killed Davis, thereby focusing on the result not on the conduct. The charge given to the jury, when read as a whole, stated the applicable law in a manner that was not reasonably likely to mislead the jury into convicting on an unlawful basis. There is no reasonable likelihood that the jury convicted appellant just because they thought he engaged in the conduct that ultimately caused Davis' demise. Although the abstract, definitional portion of the jury charge contained unnecessary "engage in conduct" language, given the explicit limiting instructions contained in the application paragraph, it is very unlikely that such language misled the jury. The application paragraph instructed the jurors quite clearly that they could not find appellant guilty of murder unless they first found beyond a reasonable doubt that he "intentionally or knowingly caused the death of the deceased."

Reviewing the record as a whole, we conclude no harm resulted from the trial court's failure to limit the abstract definitions of the culpable mental states to the result of appellant's conduct. Appellant did not suffer egregious harm due to the erroneous definitions in the charge and was not denied a fair and impartial trial. We overrule appellant's first point of error.

■ Jones' second point contends there is insufficient evidence for the jury to have found that the State disproved he was acting in self-defense. The Court of Criminal Appeals addressed this issue in *Saxton v. State,* 804 S.W.2d 910 (Tex.Crim.App.1991). There the court noted "the State has the burden of *persuasion* in disproving the evidence of self-defense." *Id.* at 913. The court found "[t]hat is not a burden of *production,* i.e., one which requires the State to affirmatively produce evidence refuting the self-defense claim, but rather a burden requiring the State to prove its case beyond a reasonable doubt." *Id.* The standard of review, the court held, is "whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the

essential elements of [the offense] beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable doubt." *Id.* at 914.

The court additionally noted "the issue of self-defense is an issue of fact to be determined by the jury." *Id.* at 913. The trier of fact is called upon to decide if Jones' actions were justified and the trier of fact is free to accept or reject all or any portion of any witness' testimony. *See Adelman v. State,* 828 S.W.2d 418, 421 (Tex.Crim.App.1992). In the case of a guilty verdict, the jury, as trier of fact, has implicitly rejected any defense offered. *Id.* at 422. This court's duty is simply "to determine if the explicit and implicit findings by the trier of fact are rational ... by evaluating the evidence in the light most favorable to the trier of fact's determinations." *Id.*

■ Jones' testimony conflicted with that of the witness Ms. Bell. Ms. Bell's testimony disputed the claim of self-defense. The issue of self-defense was properly submitted to the jury and subsequently rejected. The jury was free to reject Jones' version and believe Bell's version. *See Calabria v. State,* 884 S.W.2d 568, 569 (Tex.App.—Beaumont 1994, no pet.) (citing *Chambers v. State,* 805 S.W.2d 459 (Tex.Crim.App.1991)). Viewing the evidence in the light most favorable to the verdict, we find any rational trier of fact could have, beyond a reasonable doubt, found the essential elements of the offense and rejected Jones' defense. Jones contends the evidence is factually insufficient to support his conviction because there was evidence he acted in self-defense. In considering factual sufficiency, we view "all the evidence without the prism of 'in the light most favorable to the prosecution,'" *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996), and thus consider the testimony of defense witnesses and the existence of alternative hypothesis. The verdict is set aside "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Id.* We still give great deference to the trier of fact's finding. Our review must be "appropriately deferential" to the fact finder's determination to avoid sub-

stituting our judgment over that of the trier of fact. *Id.* at 133.

Contradictions in the evidence are reconciled by the trier of fact and will not result in reversal so long as there is enough credible testimony to support the verdict. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex. Crim.App.1982). The trier of fact is the sole judge of the witnesses' credibility and the weight to be given the testimony, *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App. 1981); TEX.CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979), and may accept or reject all or any part of the testimony. *Penagraph,* 623 S.W.2d at 343; *Adelman,* 828 S.W.2d at 421. "Simply because a defendant presents a different version of the events does not render the evidence insufficient." *Eaglin v. State,* 872 S.W.2d 332, 337 (Tex.App.—Beaumont 1994, no pet.) (citing *Little v. State,* 758 S.W.2d 551, 562–63 (Tex.Crim.App.), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988)).

A court "should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate,* 150 Tex. 662, 644–65, 244 S.W.2d 660, 661 (1951). Before reversing a conviction on this basis, the court should detail the evidence and clearly state why the jury's verdict is so contrary to the overwhelming weight of the evidence as to be manifestly unjust, why it shocks the conscience, or why it clearly demonstrates bias, and further state how the evidence contrary to the jury's verdict greatly outweighs the evidence that supports the verdict. *Clewis,* 922 S.W.2d at 135. With all of the above in mind, we have reviewed the entire record and hold the jury's verdict was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Point of error two is overruled.

In point of error three, appellant alleges the trial court erred in overruling the motion for new trial based on insufficient evidence. Normally, motions for new trial are reviewed on the basis of abuse of discretion. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim.App.1993). However, when a new trial is sought on grounds of insufficient evidence, a legal question, the trial court must apply the same test as an appellate court, that is, "after considering the evidence in the light most favorable to the verdict, whether any rational trier of fact would have found the State established the essential elements of the offense beyond a reasonable doubt." *Waldie v. State,* 923 S.W.2d 152, 155–56 (Tex. App.—Beaumont 1996, no pet. h.); *Gonzales v. State,* 689 S.W.2d 900, 901 (Tex.Crim.App. 1985). We have stated elsewhere in our analysis of this case our opinion concerning the sufficiency of the evidence. We are satisfied that the trial court did not commit error in denying the new trial based on the insufficiency of the evidence and appellant's contention of acting in self-defense, hence, appellant's third point of error is overruled.

Appellant's fourth point of error asserts "the prosecutor made an improper personal attack on appellant's counsel during closing arguments which constituted improper jury argument." The prosecutor's comments were:

> Now, if you buy off on this fraud—and that's what it is. It's a fraud on 12 good common sense thinking people who are sitting in your seats—that these people are married and it's not a marriage of convenience like I asked him about when he was on the stand so that you could—so that you could get this instruction—so the defense lawyer could get this instruction in the charge—

Appellant contends the prosecutor was personally attacking defense counsel for perpetrating a fraud upon the jury while the state asserts it was making a proper jury argument in its efforts to show that appellant's marriage was a "sham."

The four areas of proper jury argument are summation of the evidence, reasonable deductions from the evidence, response to defense' argument, and pleas for law enforcement. *Banda v. State,* 890 S.W.2d 42, 61 (Tex.Crim.App.1994), *cert. denied,* 515 U.S. 1105, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995). Furthermore, a prosecutor "may argue his opinions concerning issues in the case so long as the opinions are based on the evidence in the record and not

**528**

constituting unsworn testimony." *Penry v. State,* 903 S.W.2d 715, 756 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 116 S.Ct. 480, 133 L.Ed.2d 408, (1995); *Felder v. State,* 848 S.W.2d 85, 95 (Tex.Crim.App.1992), *cert. denied,* 510 U.S. 829, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993). It is reasonable to conclude that the prosecutor was voicing an opinion by calling appellant's "marriage" a fraud. A remark of fraud can also be considered a reasonable deduction from the evidence, and therefore proper jury argument. *See Albiar v. State,* 739 S.W.2d 360, 362 (Tex.Crim.App. 1987). The existence of a marriage relationship between appellant and the State's witness was a highly contested issue. The characterization of this relationship as a fraud is not an improper argument. Appellant's counsel argued at great length in an attempt to demonstrate a marriage relationship between appellant and Ms. Bell. As such, Ms. Bell's testimony would be rendered inadmissable. The essence of the prosecutor's argument was that appellant and Ms. Bell were not truly married, that this was a "marriage of convenience."

If any error occurred, it was cured by the court's actions in sustaining the objection and giving instructions to the jury to disregard the prosecutor's comments. *See Long v. State,* 823 S.W.2d 259, 269–70 (Tex. Crim.App.1991), *cert. denied,* 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992). There is nothing to show that the comment had any prejudicial effect. *See Wilson v. State,* 747 S.W.2d 490, 492 (Tex.App.—Beaumont 1988, pet. ref'd). Point of error four is overruled.

The judgment and sentence below are affirmed.

AFFIRMED.