**Ronald Ken DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–96–212–CR.**

Court of Appeals of Texas,
Beaumont.

Submitted March 23, 1998.

Decided April 1, 1998.

---

Bruce A. Hoffer, Lumberton, for appellant.

Tom Maness, Crim. Dist. Atty., Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, for State.

1. At the time of this offense, this section was located at Section 19.02(a)(1) of the 1974 Penal

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

A jury convicted Ronald Ken Davis of murder, assessing as punishment a twenty year term of imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a $2,500 fine. Davis presents four points of error in his appeal.

Point of error one contends: "Reversible error occurred when the trial court failed to grant appellant's objection to the charge." Intentional murder is a "result of conduct" offense. TEX. PEN.CODE ANN. § 19.02(b)(1) (Vernon 1994)[1]; see Lugo–Lugo v. State, 650 S.W.2d 72, 81 (Tex.Crim. App.1983). The accused must be found to have intended to engage in the act that caused the death and also must have specifically intended that death result from that conduct. Cook v. State, 884 S.W.2d 485, 490 (Tex.Crim.App.1994). In an intentional murder case, it is error for a charge to define "intentionally" or "knowingly" as relates to the nature of the conduct as well as to the result of the conduct. Id.

Although the trial court erred in not limiting the culpable mental states to the result of appellant's conduct, finding error in a jury charge does not result in an automatic reversal of a conviction. Abdnor v. State, 871 S.W.2d 726, 731 (Tex.Crim.App.1994).

Our determination of whether sufficient harm resulted from a charging error to warrant reversal depends upon whether a timely objection was made at trial. Abdnor, 871 S.W.2d at 732. Where the appellant objected at trial, we search only for "some harm." Id. "[T]he presence of any harm, regardless of degree, which results from preserved charging error, is sufficient to require a reversal of the conviction." Arline v. State, 721 S.W.2d 348, 351 (Tex.Crim.App.1986). In the absence of a timely objection at trial,

Code.

when error is asserted for the first time on appeal, charge error will result in reversal only if the appellant suffered "egregious harm" such that he "has not had a fair and impartial trial." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985)(opinion on rehearing). "[T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.* We may consider the degree, if any, to which the culpable mental states, broadly defined in the abstract portion of the charge were limited by the application portions of the jury charge. *Patrick v. State*, 906 S.W.2d 481, 492 (Tex.Crim.App.1995), *cert. denied*, 517 U.S. 1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996).

■ Defense counsel objected to the inclusion of the words "or knowingly" in the application paragraph of the charge, and to the inclusion of a definition of "knowingly." On appeal, Davis contends the charge erroneously included "Nature of conduct" language in the definitions of "intentionally" and "knowingly." These are two entirely different objections; therefore, we cannot say the error raised on appeal was subject to an objection at trial.

■ The application paragraph authorized the jury to convict Davis if he did intentionally or knowingly cause the death of [C.W.] by shooting him with a firearm. The terms "intentionally" and "knowingly" directly modify the phrase "cause the death." The charge did not authorize the jury to convict appellant on his conduct alone. *Jones v. State*, 951 S.W.2d 522, 525 (Tex.App.—Beaumont 1997, pet. ref'd). The prosecutor did not suggest through his argument that the jury could find Davis guilty upon the nature of his conduct. As we decided in *Jones*, at 526:

> The charge given to the jury, when read as a whole, stated the applicable law in a manner that was not reasonably likely to mislead the jury into convicting on an unlawful basis. There is no reasonable likelihood that the jury convicted appellant just

because they thought he engaged in the conduct that ultimately caused [the victim's] demise. Although the abstract, definitional portion of the jury charge contained unnecessary "engage in conduct" language, given the explicit limiting instructions contained in the application paragraph, it is very unlikely that such language misled the jury. The application paragraph instructed the jurors quite clearly that they could not find appellant guilty of murder unless they first found beyond a reasonable doubt that he "intentionally or knowingly caused the death of the deceased."

We hold Davis did not suffer egregious harm due to the erroneous definitions in the charge and was not denied a fair and impartial trial. We overrule point of error one.

■ The second point of error urges: "Reversible error occurred when the trial court failed to grant appellant's objection to the Prosecution shifting the burden to appellant during the State's closing argument." The record reflects the following argument:

> Officer Chadney's testimony was that Hattie Mae Davis told Officer Chadney that her son told her that he did it. Well, why didn't [defense counsel] say or explain that away to you folks a minute ago? Because you can't explain it. Where is Hattie Mae Davis? Is that Hattie Mae Davis right there on the back row? Where is she? And if Hattie Mae Davis had not told Officer Chadney that, "My son shot [C.W.], he told me that he did," she could have gotten up there and said, "I never said that." *But that lawyer didn't put that woman up there.*
>
> [By Defense Counsel]: Your Honor, I am going to object. An attempt to shift the burden to The Defense to put evidence on.
>
> THE COURT: Overruled.

■ Permissible jury argument falls within four general areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to the argument of opposing counsel; and (4) plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 231–32 (Tex.Crim.App.1973). To consti-

tute reversible error, jury arguments must be extreme or manifestly improper, or inject new and harmful facts into evidence. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim.App. 1988). A reference to the appellant's failure to produce evidence, other than his own testimony, is not an improper remark. *Banks v. State*, 643 S.W.2d 129, 135 (Tex.Crim.App. 1982). *See also, Wolfe v. State*, 917 S.W.2d 270, 279 (Tex.Crim.App.1996) (finding no error in a similar argument challenged as a comment on the defendant's failure to testify); *Patrick*, 906 S.W.2d at 491. "A prosecuting attorney may comment in his final jury argument on the failure of a defendant to call competent and material witnesses, when it is shown that such witnesses were available to testify on behalf of a defendant, but were not called by the defendant to testify." *Garrett v. State*, 632 S.W.2d 350, 353(Tex.Crim.App.1982)(plurality opinion). In this instance, the prosecutor was making a reasonable deduction from the evidence. Point of error two is overruled.

Point of error three contends: "Reversible error occurred when the trial court failed to grant appellant's objection to the State committing the venireman to specific facts." While inquiring into possible juror bias regarding a lack of eye witnesses, the prosecutor asked a venireman if he felt the police should press charges if a person he knew robbed him but no one else saw the crime.

■■■■ Hypothetical fact situations may be employed during voir dire to explain the application of the law, but not to determine how a venireperson would respond to particular circumstances. *Cuevas v. State*, 742 S.W.2d 331, 336 n. 6 (Tex.Crim.App.1987). "Because the law allows the use of a hypothetical to ascertain the views of the prospective jurors on issues pertinent to a fair determination of the case, it must be determined whether the hypothetical was used to explain the law or was used to commit the jurors to particular circumstances." *Atkins v. State*, 951 S.W.2d 787, 789 (Tex.Crim.App.1997). In *Atkins* the prosecutor asked the veniremembers if they could convict someone who, like Atkins, possessed a residue amount of cocaine. The Court said: "This type of ques-

tioning, using a hypothetical or otherwise, is improper and serves no purpose other than to commit the jury to specific set of facts prior to the presentation of any evidence at trial." *Id.* On the other hand, there is no error allowing the State to present hypotheticals which illustrate legal concepts. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex.Crim. App.1995).

■■■■ The situation presented in this appeal is similar to that presented in *Caldwell v. State*, 818 S.W.2d 790, 797 (Tex.Crim.App. 1991), *overruled on other grounds by Castillo v. State*, 913 S.W.2d 529 (Tex.Crim.App. 1995). In *Caldwell*, the prosecutor inquired of the venireperson's ability to convict based upon the testimony of a single witness. While later caselaw clarified the circumstances in which a juror may be challenged for cause based upon personal standards of reasonable doubt, a venireperson may still be challenged for cause if he would, in the absence of reasonable doubt, nevertheless refuse to convict because the State produced only one eyewitness. *Castillo*, 913 S.W.2d at 534. We conclude the general subject matter is an area of application of the law upon which the State may inquire. The issue becomes, then, whether the prosecutor used the hypothetical to illustrate a legal concept or to commit the venire to particular facts of the case.

A fact stated in the hypothetical—the eyewitness's prior acquaintance with the accused—was a fact which existed in the case. Reading the question in context, however, we find the mention of that fact to be incidental to the point the prosecutor was trying to make, as he promptly re-phrased it: that "[i]f you believe beyond a reasonable doubt that the testimony of one person that would make a case for the State, if you believe it beyond a reasonable doubt, then you're obligated to return a guilty verdict." We hold the question was not improper; therefore, the trial court did not err in overruling Davis's objection to the question. Point of error three is overruled.

■■■■ Point of error four urges: "Reversible error occurred when the trial court failed to grant appellant's objection to the State's

misstatement of the law thereby abusing its discretion by granting the State's challenge for cause."

The prosecutor asked: "How many of you would never on God's green earth ever give probation to somebody that had been convicted of murder?" Defense counsel did not object to this question. Three veniremembers [2] indicated in the affirmative. The prosecutor then stated: "[The three responding members] are not going to get on this jury, right now, because you're not qualified." At this point, defense counsel objected: "I object to that as a misstatement of the law. He asked if they would ever give it, not whether they would consider it and then reject it given the circumstances." The trial court overruled the objection, noting the prosecutor had not yet challenged the veniremembers. The prosecutor continued: "You have to be able to consider the entire range of punishment, and 'consider' and 'give' is two different things."

Contrary to the stated point of error, the trial court did not grant a challenge for cause by the State; in fact, the State did not make a challenge for cause. No objection was made to what is now argued was an improper question. We fail to appreciate the practical distinction between "never on God's green earth give" and "refuse to consider," but the matter was immediately clarified using less idiomatic speech. Finally, if we construe the point of error to be directed to the comment that the jurors were not qualified, we note, as did the trial court, that the State did not attempt to challenge these venirepersons for cause. Point of error four is overruled.

We affirm the judgment and sentence of the trial court.

AFFIRMED.

---

2. All three of these veniremembers were excluded from the jury through the exercise of peremptory strikes; one by the State and two by the Defense.