In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-487 CR


____________________



HARRIS JONES THOMPSON, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 15,908






O P I N I O N


 A jury convicted Harris Jones Thompson, Jr. of attempted murder and sentenced
him to seventy-five years' confinement in the Texas Department of Criminal Justice,
Institutional Division. Thompson's counsel on appeal filed an Anders brief. (1) 
Subsequently, Thompson filed a pro se brief raising three issues. (2)

 In his first point, Thompson argues it was error for the State to inform the venire
he had a prior conviction. The record reflects the State informed the jury panel at voir
dire of the range of punishment applicable upon proof of a prior conviction for
enhancement purposes. Article 36.01 proscribes informing the jury of any of the specific
allegations contained in the enhancement paragraph of the indictment. See Tex. Code
Crim. Proc. Ann. art. 36.01 (Vernon Supp. 2003). It does not prevent the State from
informing the jury in hypothetical terms of the applicable range of punishment if the State
proves any prior convictions for enhancement purposes. See Johnson v. State, 901 S.W.2d
525, 532 (Tex. App.--El Paso 1995, pet. ref'd). In the instant case, the statements only
explained the possible punishments for the charged offense and did not connect Thompson
with any particular prior conviction. Point of error one is overruled.

 Thompson's second point contends the victim (Marvin Johnson) failed to identify
Thompson as having stabbed him. Any inconsistencies in Johnson's testimony were
resolved by the jury and do not render the evidence insufficient to support Thompson's
conviction. See Jones v. State, 951 S.W.2d 522, 527 (Tex. App.--Beaumont 1997, pet.
ref'd). Point of error two is overruled.

 In his final point, Thompson claims "the State improperly interfered in its witness'
parole revocation hearing, offering him illegal enticements in exchange for his assistance
in prosecuting [Thompson]." Thompson cites no authority for his contention the
"enticement" was illegal. The record reflects trial counsel did not object to the limitations
imposed by the trial court on cross-examination of the witness regarding this matter. 
Accordingly, no reversible error has been shown. Point of error three is overruled. The
judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on January 2, 2003 

Opinion Delivered January 15, 2003

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). 
2. The State failed to file a brief.