In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-195 CR


____________________



DONALD PAUL BULLER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court Cause No. 83933






MEMORANDUM OPINION


 Donald Paul Buller was convicted on a charge of possession of a controlled
substance -- cocaine -- one gram or more but less than four grams. He was sentenced as
a habitual offender to 25 years in the custody of the Texas Department of Criminal Justice--Institutional Division. See Tex. Health & Safety Code Ann. § 481.115 (a) (Vernon
Supp. 2003). Buller has appealed, challenging the legal sufficiency of the evidence to
support his conviction, and also asserting improper jury argument by the prosecutor. 

 Early on a January morning, Beaumont Police Officers Scarborough and Bean
observed a Jeep run a stop sign. The officers activated overhead lights on their patrol car
and pulled behind the Jeep. The Jeep did not come to a stop immediately, but instead
continued on a slow roll for 250 feet and then stopped in the middle of an intersection. 
Scarborough testified this would indicate the occupant was trying to conceal something. 
A high number of sales of illegal drugs occur in the area where the stop occurred. 

 Buller was a passenger in the Jeep. He appeared startled. The officers noticed
unusual movements in the Jeep and they saw the passenger make movements and gestures
toward the center console. Both occupants of the vehicle were asked to step out, and they
were patted down for weapons. Buller appeared very nervous and jittery. Scarborough
testified Buller behaved as though he were on drugs. Buller was sweating, though the
January morning weather was cold. 

 Bean searched the area in the Jeep within reach of the occupants, and inside the
center console he found a plastic baggie containing what was later determined to contain
1.09 grams of crack cocaine. Both occupants were arrested for illegal possession of a
controlled substance. 

 To establish unlawful possession of a controlled substance, the State must prove that
the accused exercised care, custody, control or management over the contraband. The
control need not be exclusive, but rather can be jointly exercised by more than one person. 
When the accused is not in exclusive possession of the place where the contraband is
found, the State must show additional affirmative circumstances linking the accused and
the contraband. The affirmative link can be established by showing additional facts and
circumstances which raise a reasonable inference of the accused's knowledge and control
of the contraband. See Mayes v. State, 870 S.W.2d 695, 697 (Tex. App.--Beaumont 1994,
no pet.); see also Watson v. State, 861 S.W.2d 410, 414 (Tex. App.--Beaumont 1993, pet.
ref'd). The number of affirmative links is not as important as the degree to which they
tend to link the accused to the controlled substance. See Stubblefield v. State, 79 S.W.3d
171, 174 (Tex. App.--Texarkana 2002, pet. ref'd); see also Robles v. State, No. 01-02-00312-CR, 2003 Tex. App. LEXIS 2257 at **7 - 8 (Tex. App.--Houston [1st Dist.] Mar.
13, 2003, no pet. h.). 

 The neighborhood in which this stop was made was considered a high drug sale
area. The contraband was easily accessible to Buller. He was seated in the passenger side
of the vehicle and the cocaine was found in the console next to him. The conduct of the
accused and the driver indicated a consciousness of guilt, i.e., the 250-foot "slow roll"
prior to stopping, and the furtive gestures of Buller towards the center console. Buller's
behavior at the scene appeared consistent with recent consumption of drugs. Given these
circumstances, a reasonable trier of fact could conclude Buller had knowledge and control
of the drugs; a reasonable trier of fact could find every element of the offense charged
beyond a reasonable doubt. See generally Jackson v. Virginia, 443 U.S. 307, 319, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979)(standard of review). The legal sufficiency issue is
overruled.

 In his second issue, Buller contends the trial court erred in failing to grant his
motion for mistrial. He claims the prosecutor improperly commented on his failure to
testify. The jury argument in question is as follows: 

 So, I want to focus your attention back on this, okay. Now, we have a
system of evidence in our courtroom where you hear evidence. That man
right there has an absolute right not to testify. (indicating). And you can't
hold that against him. But they have the same subpoena power that the State
of Texas has and if they wanted to get that other man in here or anybody else
to lend some kind of credence to anything that he just said, they could have
done that. They have the same subpoena power that we do and they didn't
do a thing. They just throw out some what if's, some hypotheticals at you
in hopes that one of you will bite off on that. That to me is absolutely
amazing.


 (Defense Counsel): Your Honor, I'm going to object to his opinion.


 THE COURT: Sustained.


 (Defense Counsel): And I'd ask the jury to be instruct[ed] to disregard it.


 THE COURT: The jury is so instructed.


 (Defense Counsel): And, unfortunately, your Honor, I'd ask for a mistrial.


 THE COURT: That's denied [Defense Counsel]. 


 To be improper, a prosecutor's comment must clearly refer to the accused's failure
to testify; it is not sufficient if it might be construed as an implied or indirect allusion. The
test is whether the language used was manifestly intended or was of such a character that
the jury would necessarily and naturally take it as a comment on the accused's failure to
testify. See Canales v. State, 98 S.W.3d 690, 694 (Tex. Crim. App. 2003). A reference
to the accused's failure to produce evidence, other than his own testimony, is not
improper. A prosecutor may, in his final jury argument, comment on defendant's failure
to call competent and material witnesses, when it is shown that the witnesses were
available but were not called by defendant to testify. See Davis v. State, 967 S.W.2d 476,
480 (Tex. App.--Beaumont 1998, no pet.). The prosecutor argued here that the
circumstances shown were sufficient to establish Buller possessed the cocaine. He
recognized Buller had the right not to testify, and that this fact could not be held against
him. He then argued that there was a witness who could have been called and was not and
that defendant called no other witnesses. The argument was not a direct comment on
Buller's failure to testify. Further, any harm was cured by the trial court's prompt
instruction to disregard. See Hammond v. State, 799 S.W.2d 741, 747-48 (Tex. Crim.
App. 1990); see also Cooper v. State, 959 S.W.2d 682, 686 (Tex. App.--Austin 1997, pet.
ref'd) (Where remarks in closing might be interpreted as comment on failure to testify,
instruction to disregard cures any harm.). Buller's second issue is overruled.

 In his third issue, Buller contends the trial court erred in overruling his objection
to the prosecutor's jury argument that police officers "are the ones that respond to
accidents and pull people out of cars and save their lives." He contends this is improper
bolstering of the State's law enforcement witnesses. See generally Mitchell v. State, 636
S.W.2d 543, 545-47 (Tex. App.--San Antonio 1982, no pet.). The prosecutor did not
argue that these actions by these police officers makes their testimony more worthy of
belief. The record includes testimony, without objection, about medals awarded for
pulling a person out of a burning car. See McFarland v. State, 845 S.W.2d 824, 840
(Tex. Crim. App. 1992). The argument referred to this evidence. Furthermore, Buller's
objection at trial, that the prosecutor's statements were "improper argument," did not state
any grounds for the objection with sufficient specificity to make the trial court aware of
the complaint. The objection did not preserve any alleged error for appellate review. See
Tex. R. App. P. Rule 33.1(a)(1)(A). The third issue is overruled.

 The judgment of the trial court is AFFIRMED. 

 PER CURIAM

Submitted on April 7, 2003

Opinion Delivered April 30, 2003

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.