In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-233 CR


____________________



REGINALD OTIS MANUEL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court Cause No. 89259






MEMORANDUM OPINION (1)


 A jury convicted appellant, Reginald Otis Manuel, of possession of a controlled
substance, cocaine, in an amount of one gram or more but less than four grams. See Tex.
Health & Safety Code Ann. § 481.115(a),(c) (Vernon 2003). Manuel elected to have
the court assess his punishment. The trial court found Manuel to be a habitual offender
and assessed punishment at twenty-five years of confinement in the Texas Department of
Criminal Justice, Institutional Division. An appeal was filed. Appellant's counsel filed
an Anders brief asserting no arguable grounds for appeal exist. See Anders v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); see also Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). 

The Evidence


 Officer Breiner testified he and his partner, Officer Dean, attempted to stop a car
for a traffic violation. The vehicle failed to stop, so they began pursuing it. One of the
occupants jumped from the car as it was slowing down. Both officers testified it was
Manuel who exited the vehicle. Officers Breiner and Dean described Manuel as black,
bald, and wearing a Houston Texans jacket and tan pants. Officer Dean remained on the
scene to secure the vehicle and its occupants. Officer Dean testified the occupants of the
vehicle identified the fleeing individual as Reginald Manuel.

 While pursuing Manuel, Officer Breiner saw Manuel fall and drop some rocks,
which appeared to be crack cocaine. Officer Breiner saw Manuel throw down a napkin
containing an object Officer Breiner believed to be part of a crack cookie. Officer Breiner
eventually lost sight of Manuel. He radioed other officers and established a perimeter in
which to search for Manuel. Breiner then returned to retrieve the evidence he had seen
Manuel drop. According to Officer Breiner, fingerprints could not be recovered from the
discarded napkin. Officer Breiner subsequently received a call from another patrol unit,
which had detained a van and taken Manuel into custody. Breiner testified that Manuel
matched the description except he was not wearing the Houston Texans jacket. Breiner
testified the jacket was never recovered. Officer Dean, who had since arrived at the
location where the van was stopped, testified Manuel was the same individual he had seem
jump from the car and run away. Officer Dean also testified he heard an unknown
individual call out to alert him that a van driving by belonged to Manuel's family.

 Latonya Boyd, the mother of Manuel's son Israel, testified it was not Manuel who
jumped from the vehicle, but a man whose identity she did not know. Boyd stated she had
picked up the unknown individual and a female because they had asked her for a ride. 
Boyd described the man as tall, light-skinned, bald, and wearing dark-colored jeans and
a jacket. Boyd denied that anyone in the car identified the fleeing individual as Manuel. 
Boyd testified the van belonged to Manuel's brother. Boyd denied seeing Manuel jump
into the van. Boyd stated Israel called his uncle on the cell phone to see where Manuel
was. Boyd stated she had previously been convicted of Class B theft and the misdemeanor
offense of failing to identify herself to a police officer. Manuel's son, Israel, also testified
his mother picked up a man, whom he did not know, and a woman. Israel stated the man
who fled the car was the stranger, not Manuel. Israel denied seeing the man drop anything
as he fled. Israel stated the woman they had picked up said "Reginald Manuel" to the
officer. Israel further testified he had his father's cell phone with him, and he used the cell
phone to call his father to tell him they were about to be stopped by the police. Israel
stated he told his father that his mother was being stopped, and asked him to come for him
and his siblings.

 Manuel's brother, John, testified he picked Manuel up from their mother's house
because he and Manuel planned to watch a basketball game on television. John stated
Manuel was wearing a T-shirt and khaki-colored pants, and denied that Manuel was
wearing a jacket. John testified he then took Manuel to his house to watch the game. 
According to John, Israel called during the game and asked to speak to his father. John
stated that, when the conversation ended, Manuel said they had to go because his family
had been stopped by the police. John stated he and Manuel observed flashing lights and
saw the car Boyd was driving. John testified he and Manuel saw that no one was in
handcuffs, so they passed by without stopping. John stated they then saw a police car
approaching them from behind, so he pulled over, and Manuel was placed in handcuffs.

The Anders Brief


 After appellate counsel filed a brief that concluded no reversible error and no
arguable issues are presented in this appeal, Manuel was granted an extension of time in
which to file a pro se brief. See Anders, 386 U.S. 738; High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978). He has not filed a pro se brief. Instead, he has filed a motion
asking that new appellate counsel be appointed to represent him. 

 In the Anders brief, Manuel's counsel suggests the State's reference during closing
argument to the defense's failure to introduce cell phone records may have constituted a
comment on Manuel's decision not to testify. The State also filed a brief which discusses
Manuel's overruled hearsay objection as to the unidentified person's statement about the
van.

 The jury is the ultimate authority on the credibility of the witnesses and the weight
to be given their testimony. See Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim.
App. 1981). We have reviewed the clerk's record and the reporter's record, and we find
no arguable reversible error requiring us to order appointment of new counsel. The
prosecutor's closing argument did not call the jury's attention to the absence of evidence
that only testimony from Manuel could supply and did not constitute a comment on
Manuel's failure to testify. See Davis v. State, 967 S.W.2d 476, 480 (Tex. App--Beaumont 1998, no pet.). Admission in evidence of the unknown bystander's statement
alerting officers to the van does not arguably require reversal. See Tex. R. Evid. 803 (1),
(2). Appellant's motion is denied and the judgment is affirmed.



 AFFIRMED.

 PER CURIAM


Submitted on January 27, 2005

Opinion Delivered February 23, 2005

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Tex. R. App. P. 47.4