Pedro VALDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–91–00566–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 8, 1992.

Discretionary Review Refused
Jan. 20, 1993.

Charles H. Portz, Houston, for appellant.

Julie Klibert, Houston, for appellee.

Before MURPHY, CANNON and ROBERT E. MORSE, Jr. (Sitting by Designation), JJ.

## OPINION

MURPHY, Justice.

A jury convicted appellant of murder and assessed punishment at eighty years imprisonment. Appellant appeals, bringing three points of error alleging insufficiency of the evidence to sustain his conviction. We affirm.

On the evening of July 31, 1990, Jose Armando Tellez was shot and killed after leaving a grocery store in the Heights area of Houston. Witnesses described how Tellez and appellant were scuffling and struggling with each other outside the store and that both appellant and Tellez were wear-

ing gold chains. It was not clear who first grabbed for the other's neck, but part of a gold chain was later found near the scene. The fight escalated to punching and kicking then moved out into the street and esplanade. Two gunshots rang out and appellant ran away. Tellez staggered down the sidewalk and collapsed in front of a washateria near the intersection of Heights Boulevard and 10th Avenue. Paramedics arrived shortly but Tellez was already dead from two gunshot wounds.

After the shooting, appellant went to Richard Lopez's apartment carrying a .22 caliber gun, which he unloaded. He had a bruised and bleeding lip. Appellant admitted the shooting to Lopez but claimed self defense. He was arrested after witnesses told the police he was seen fighting with the victim. Appellant was charged with murder and plead not guilty. He was tried and convicted by a jury and now appeals.

■ Appellant's first point of error complains that the evidence was insufficient to sustain his conviction because the State failed to prove that the person appellant shot was the complainant alleged in the indictment. In viewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984). An appellate court is not to substitute its judgment for that of the jury or act as a thirteenth juror. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988).

The jury is the sole judge of the credibility of the witnesses, determines the weight to be given to their testimony and may resolve conflicts in the testimony as it sees fit. *Banks v. State*, 510 S.W.2d 592, 595 (Tex.Crim.App.1974). The jury may accept the state's version of the facts and reject appellant's version or reject the testimony of any witness. *Moore v. State*, 804 S.W.2d 165, 166 (Tex.App.—Houston [14th Dist.] 1991, no pet.).

■ Where a police officer who has found a murder victim testifies without objection that the deceased was a specific person, the deceased has been sufficiently identified to sustain the murder conviction. *Lopez v. State*, 482 S.W.2d 179, 182 (Tex. Crim.App.1972). Similarly, testimony naming the deceased offered by the medical examiner, officers who came to the scene and accompanied the deceased to the hospital, and the doctor who first attended and operated on the deceased has been held to sufficiently identify the body of the deceased as that of the person alleged in the indictment charging murder. *Estrada v. State*, 422 S.W.2d 453, 455 (Tex.Crim.App. 1968). In *Rains v. State*, 604 S.W.2d 118, 120 (Tex.Crim.App.1980), the deceased's brother identified a picture of the man named in the indictment as the victim, a pathologist identified that picture as the person on whom he performed the autopsy and who had been shot through the left side of the chest, and a police officer testified that a body identified as the deceased was found at the scene and was sent to the hospital. This chain of evidence, along with defendant's admission that he had shot a man "through the heart," was sufficient to prove that the person who was shot was the same person named in the indictment.

In the instant case, the paramedic who arrived at the scene identified a photograph of the deceased as the patient to whom he was responding at the corner of Heights Boulevard and 10th Avenue. James Ebdon, an investigator with the medical examiner's office, identified a photograph of the deceased as the body that was located at the scene. Sergeant Mell, an investigating officer at the scene, testified that the body of the deceased was found at the intersection of Heights Boulevard and 10th Avenue, and he identified a photograph of the body of the deceased. Joseph Villante identified a photograph of the deceased as one of the men he had seen fighting at the intersection of Heights Boulevard and 10th Avenue.

Dr. Tommy Brown of the Harris County Medical Examiner's office testified about

the results of the autopsy performed on Jose Armando Tellez. He testified that Tellez died from two gunshot wounds from a small caliber weapon. The autopsy report and photographs taken in connection with the autopsy were admitted into evidence without objection.

Ruben Tellez, the deceased's brother, identified an autopsy photograph as being his brother, Jose Armando Tellez. In addition, appellant testified that the person with whom he was struggling and at whom he fired two shots was Jose Tellez.

We hold that this chain of evidence is sufficient for the jury to have found that the person appellant admitted shooting and who died from gunshot wounds was the complainant named in the indictment. Appellant's first point of error is overruled.

Appellant's second point of error alleges that the evidence was insufficient to sustain his conviction because the State did not rebut the appellant's assertion of self defense beyond a reasonable doubt. We find that this claim is without merit.

■ The State is not required to affirmatively produce evidence to refute a self defense claim, but must prove its case beyond a reasonable doubt. *Saxton v. State,* 804 S.W.2d 910 (Tex.Crim.App.1991). In *Saxton,* the Court of Criminal Appeals set forth the proper standard of review for sufficiency of the evidence where defensive evidence is presented, as follows:

> In resolving the sufficiency of the evidence issue, *we look not to whether the State presented evidence which refuted appellant's self-defense testimony,* but rather we determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would [could] have found the essential elements of murder beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable doubt.

*Saxton,* 804 S.W.2d at 914 (emphasis added) (citing *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234 (Tex.Crim. App.1989)).

■ A review of the evidence shows that, in addition to finding all the elements of murder, the jury could have found against appellant on the self-defense issue beyond a reasonable doubt. Joseph Villante testified that he saw two men scuffling. He identified one of the men as Tellez. It appeared to Villante that the other man was in control and the deceased kept trying to get away from him, contradicting appellant's testimony that Tellez was the aggressor. The medical examiner testified that Tellez's death resulted from two close-range gunshot wounds, one of which was in the back.

Appellant claimed that Tellez tried to grab the gold chain around his neck. He testified that he saw "something shiny," but no knife or other weapon was recovered at the scene. No other witnesses saw Tellez with a knife. Appellant testified that he did not see a weapon on Tellez when he shot the second time. He further testified that he never screamed or yelled for help and that he was never stabbed nor struck with an object during the struggle.

In addition, appellant's actions after the shooting do not support his claim of self-defense. After the shooting, he ran away and went to a friend's house and changed clothes. He hid the gun and disposed of the bullets. He never told the police his side of the story.

Self-defense is a fact issue to be determined by the jury. *Jenkins v. State,* 740 S.W.2d 435, 438 (Tex.Crim.App.1983). In this case, the jury was properly instructed on the law of self-defense. *See* TEX.PENAL CODE ANN. § 9.31 (Vernon 1974) and § 9.32 (Vernon Supp.1992). The testimony conflicted as to who was the aggressor, and there was also a fact issue for the jury to determine concerning whether appellant believed deadly force was immediately necessary to protect himself from the victim's use or attempted use of deadly force. In our opinion, the evidence supports the jury's verdict, which by finding appellant guilty, implicitly rejected appellant's claim of self-defense. *See Jenkins v. State,* 740 S.W.2d at 438.

We hold that there is sufficient evidence in the record for the jury to have found the essential elements of murder and to have found against appellant on the claim of self-defense beyond a reasonable doubt. Appellant's second point of error is overruled.

■ Appellant's third point of error claims that the evidence was insufficient to support appellant's conviction because the State never rebutted appellant's defense of force necessary to recover stolen property. We find this claim to be without merit based on the same principles just discussed.

The reasoning set forth in the *Saxton* case cited in connection with the sufficiency of the evidence on appellant's self-defense claim will also control this point. Defense of property, like self-defense, need not be refuted by the State. Rather, the proper standard of review is whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of murder beyond a reasonable doubt and also could have found against appellant on the defense of property claim beyond a reasonable doubt. *See Saxton*, 804 S.W.2d at 914.

At trial in the instant case, the jury was properly instructed on the law of justified deadly force in protection of property. Section 9.42 of the Penal Code provides in part that a person is justified in using deadly force against another to protect property if he is first justified in using force, and additionally:

(2) when and to the degree he reasonably believes the deadly force is immediately necessary:

    (A) to prevent the other's imminent commission of arson, burglary, robbery, aggravated robbery, theft during the nighttime, or criminal mischief during the nighttime; or

    (B) to prevent the other who is fleeing immediately after committing burglary, robbery, aggravated robbery, or theft during the nighttime from escaping with the property; and

(3) he reasonably believes that:

    (A) the land or property cannot be protected or recovered by any other means; or

    (B) the use of force other than deadly force to protect or recover the land or property would expose the actor or another to a substantial risk of death or serious bodily injury.

TEX.PENAL CODE ANN. § 9.42 (Vernon 1974).

We now turn to a review of the evidentiary sufficiency. As noted above, appellant testified that he did not see a weapon on Tellez when he shot the second time. He did not scream for help. He never warned Tellez that he had a gun or fired a warning shot. Mr. Villante testified that appellant approached Tellez initially, Tellez was trying to get away from appellant, and appellant seemed to be in control of the situation. One of the fatal gunshot wounds was in Tellez's back, supporting the position that appellant was the aggressor and Tellez was trying to get away.

In addition to these facts, two witnesses, Mario Arteaga Cervantes and Caroline Flores, testified that the deceased was wearing two gold chains that evening. However, the pictures of the body and the testimony of James Ebdon reflect only one chain was found on Tellez's body. Although appellant and his friend, Mr. Morillo, testified that the gold chain found near the scene looked like one appellant wore, Tellez's girlfriend identified the chain as belonging to the deceased. Defensive evidence which is merely consistent with the physical evidence at the scene of the alleged offense will not render the State's evidence insufficient. The determination of the credibility of such evidence is solely within the jury's province and the jury is free to accept or reject the defensive evidence. *Jenkins v. State*, 740 S.W.2d at 438.

It is our opinion that the evidence is sufficient for the jury to have found that appellant was the aggressor. Further, we find that the evidence is also sufficient for the jury to have found that, even if Tellez had been the aggressor, appellant did not reasonably believe his property could not

be protected or recovered by any other means or that less than deadly force would have exposed him to substantial risk.

We hold that the evidence is sufficient for the jury to have found beyond a reasonable doubt, in addition to finding all the elements of murder, that deadly force in defense of property was not justified. Appellant's third point of error is overruled.

Appellant's conviction is affirmed.