TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00268-CR







Jeffrey Donnell Williams, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-97-0056-S, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







 Appellant Jeffrey Donnell Williams appeals a judgment of conviction for aggravated
assault with a deadly weapon. See Tex. Penal Code Ann. § 22.02(a)(2) (West 1994). Appellant
waived his right to a jury. In a bench trial, the district court found appellant guilty and assessed
punishment at imprisonment for thirteen years. Appellant raises only one issue. He asserts that
the evidence is factually insufficient to support the district court's judgment in light of appellant's
claim of self-defense. (1) We will affirm the conviction.


BACKGROUND

 On the morning of January 1, 1997, appellant accompanied Tina Carson to the
house of Clavon Josey, an acquaintance of appellant. Josey was in the house, along with his
cousin, Stephen Anderson. After Carson and Josey went into another room, appellant left the
house and began walking toward the street. Appellant and Anderson are the only eyewitnesses
to the events which followed. Their testimony differs significantly.

 Anderson testified that appellant owed him a small sum of money that he had loaned
to appellant several years earlier. After appellant went out the front door, Anderson yelled from
the front porch, asking appellant when he was going to pay back the money. When appellant did
not respond, Anderson began walking to the street in order to return home. Appellant then lunged
at Anderson, stabbing him with a knife in the stomach, back, and arm. According to Anderson,
the attack was totally unprovoked. Appellant then left, and Anderson returned to Josey's house
in order to summon help. 

 Appellant, on the other hand, testified that he had never borrowed any money from
Anderson, nor did Anderson ask him when he planned to pay the money back. Appellant contends
that after he walked out the door, Anderson followed him, sprayed him with beer, and hit him in
the head with a beer bottle. (2) Appellant continued walking toward the street, but Anderson grabbed
appellant from behind. Appellant claims that only then did he stab Anderson because he believed
he was being attacked and feared for his safety.

 The district court convicted appellant of aggravated assault with a deadly weapon
despite appellant's claim that he was acting in self-defense. (3) In the only issue raised on appeal,
appellant contends that there is factually insufficient evidence to support the trial court's failure
to find that appellant acted in self-defense, and thus the evidence is factually insufficient to support
the conviction of aggravated assault with a deadly weapon. 


DISCUSSION

 When the court of appeals conducts a factual-sufficiency review, the court views
all the evidence equally, including the testimony of defense witnesses and the existence of alternate
hypotheses. Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely
filed). The court does not view the evidence in the light most favorable to the prosecution as it
does in legal-sufficiency review. Clewis v. State, 992 S.W.2d 126, 129 (Tex. Crim. App. 1996);
Stone, 823 S.W.2d at 381. The court should set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Id.

 In overturning a conviction on the basis of factual insufficiency, the court should:
detail the evidence; clearly state why the verdict is contrary to the overwhelming weight of the
evidence and manifestly unjust, shocks the conscience, or clearly demonstrates bias; and further
explain how the evidence contrary to the verdict overwhelmingly outweighs the evidence
supporting the verdict. Stone, 823 S.W.2d at 381. 

 Even though we consider all of the evidence without viewing it in a light most
favorable to the prosecution, we must still give great deference to the findings of the trier of fact. 
See Clewis, 922 S.W.2d at 133; Jones v. State, 951 S.W.2d 522, 526 (Tex. App.--Beaumont
1997, pet. ref'd). "In conducting a factual sufficiency review, an appellate court reviews the
factfinder's weighing of the evidence and is authorized to disagree with the factfinder's
determination. This review, however, must be appropriately deferential so as to avoid an appellate
court's substituting its judgment for that of the [trier of fact]." Id. An appellate court cannot
reweigh the evidence and set aside the factfinder's verdict merely because the court believes that
another result is more reasonable. The verdict should be set aside only to prevent a manifestly
unjust result. See Reaves v. State, 970 S.W.2d 111, 115 (Tex. App.--Dallas 1998, no pet.). 

 Appellant submitted the issue of self-defense to the trial court, asserting that his
actions against Anderson were justified. If the accused submits the issue of the existence of a
defense, a reasonable doubt on the issue requires that the defendant be acquitted. See Tex. Penal
Code Ann. § 2.03(d) (West 1994). Self-defense is a "defense" to prosecution under section 2.03. 
Saxton v. State, 804 S.W.2d 910, 912 n.5 (Tex. Crim. App. 1991). This imposes on the State the
burden of persuasion in disproving the evidence of self-defense. Id. at 913. This is not the burden
of production, which would require the State to affirmatively produce evidence refuting the self-defense claim. Id. The burden of persuasion simply requires the State to prove its case beyond
a reasonable doubt. Id. 

 Furthermore, the issue of self-defense is an issue of fact to be determined by the
factfinder. See Saxton, 804 S.W.2d at 913; Jenkins v. State, 740 S.W.2d 435, 438 (Tex. Crim.
App. 1987). 


Defensive evidence which is merely consistent with the physical evidence at the
scene of the alleged offense will not render the State's evidence insufficient since
the credibility determination of such evidence is solely within the [trier of fact's] 
province and the [trier of fact] is free to accept or reject the defensive evidence.



Saxton, 804 S.W.2d at 914. Any contradictions in the evidence should be resolved by the trier
of fact. See Valdez v. State, 841 S.W.2d 41, 42 (Tex. App.--Houston 1992, pet. ref'd). An
appellate court must not substitute its judgment for that of the trier of fact. See id. 

 We have reviewed the entire record and cannot conclude that the trial court's
verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. See Clewis, 992 S.W.2d at 129; Stone, 823 S.W.2d at 381.

 The district court heard the testimony of appellant, Anderson, Josey, Carson, and
several police officers and concluded that appellant committed the crime of aggravated assault with
a deadly weapon. The court as trier of fact was in the best position to judge the credibility of the
witnesses, determine the weight to be given to the testimony, and resolve conflicts in the
testimony. See Valdez, 841 S.W.2d at 42. The evidence supports the court's verdict. Appellant
testified that he was attacked by Anderson and stabbed Anderson out of fear. Anderson testified
that the attack and stabbing by appellant were totally unprovoked. The trial court was free to
reject appellant's version and believe Anderson's version. See Jenkins, 740 S.W.2d at 438; Jones,
823 S.W.2d at 526 (evidence is not insufficient simply because defendant presents different
version of events). By finding appellant guilty, the court implicitly rejected appellant's claim of
self-defense. See Adelman v. State, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992); Jenkins, 740
S.W.2d at 438. Therefore, we conclude that the evidence was sufficient to support the district
court's finding and overrule appellant's only issue.


CONCLUSION

 We conclude that there is sufficient evidence in the record for the trial court to have
found that the State proved the essential elements of aggravated assault with a deadly weapon
beyond a reasonable doubt and to have found against appellant on his claim of self-defense. 
Having overruled appellant's sole issue, we affirm the judgment of conviction.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: March 25, 1999

Do Not Publish
1. See Tex. Penal Code Ann. § 9.31(a) (West 1994).
2. Anderson and Carson both testified that Anderson had been drinking from beer cans rather
than beer bottles.
3. The Penal Code states that "a person is justified in using force against another when and to
the degree he reasonably believes the force is immediately necessary to protect himself against the
other's use or attempted use of unlawful force." Tex. Penal Code Ann. § 9.31(a) (West 1994).



 804 S.W.2d 910, 912 n.5 (Tex. Crim. App. 1991). This imposes on the State the
burden of persuasion in disproving the evidence of self-defense. Id. at 913. This is not the burden
of production, which would require the State to affirmatively produce evidence refuting the self-defense claim. Id. The burden of persuasion simply requires the State to prove its case beyond
a reasonable doubt. Id. 

 Furthermore, the issue of self-defense is an issue of fact to be determined by the
factfinder. See Saxton, 804 S.W.2d at 913; Jenkins v. State, 740 S.W.2d 435, 438 (Tex. Crim.
App. 1987). 


Defensive evidence which is merely consistent with the physical evidence at the
scene of the alleged offense will not render the State's evidence insufficient since
the credibility determination of such evidence is solely within the [trier of fact's] 
province and the [trier of fact] is free to accept or reject the defensive evidence.



Saxton, 804 S.W.2d at 914. Any contradictions in the evidence should be resolved by the trier
of fact. See Valdez v. State, 841 S.W.2d 41, 42 (Tex. App.--Houston 1992, pet. ref'd). An
appellate court must not substitute its judgment for that of the trier of fact. See id. 

 We have reviewed the entire record and cannot conclude that the trial court's
verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. See Clewis, 992 S.W.2d at 129; Stone, 823 S.W.2d at 381.

 The district court heard the testimony of appellant, Anderson, Josey, Carson, and
several police officers and concluded that appellant committed the crime of aggravated assault with
a deadly weapon. The court as trier of fact was in the best position to judge the credibility of the
witnesses, determine the weight to be given to the testimony, and resolve conflicts in the
testimony. See Valdez, 841 S.W.2d at 42. The evidence supports the court's verdict. Appellant
testified that he was attacked by Anderson and stabbed Anderson out of fear. Anderson testified
that the attack and stabbing by appellant were totally unprovoked. The trial court was free to
reject appellant's version and believe Ander