Affirmed and Memorandum Opinion filed March 6, 2008








Affirmed and Memorandum Opinion filed March 6, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00274-CR

____________

 

RAYMOND LADANIEL JAMES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1071604

 



 

M E M O R A N D U M   O P I N I O N

Appellant,
Raymond Ladaniel James, appeals his conviction for the murder of Ivan Picazo,
for which a jury sentenced him to life in prison.  In his sole point of error,
appellant argues that the evidence is legally and factually insufficient to
defeat his self-defense claim.  We affirm.

BACKGROUND








Ivan
Picazo died after being fatally shot by appellant as he was exiting his
apartment with his girlfriend, Denise Barrera.  Prior to the shooting,
appellant and Picazo had a brief confrontation.  According to Barrera, she and
Picazo were walking in his apartment complex toward his apartment, when Picazo
noticed appellant and a group of people sitting at a table outside staring at
Barrera.  Picazo asked appellant Awhat are you looking at.@  Appellant and his friends responded
by moving aggressively toward Picazo.  Barrera pulled Picazo away and persuaded
him to return to his apartment with her.  Barrera and Picazo returned to his
apartment for about ten minutes to ready themselves for outside dinner plans. 
Barrera testified that after the two exited the apartment and while Picazo was
locking the door, she heard about six to eight gunshots and saw Picazo fall to
the ground.  Though Barrera saw the gun that fired the shots, she did not see
the shooter.  Picazo died the following day from the gunshot wounds. 

Vanessa
Jiminez, a neighbor in the same apartment complex, testified at trial that she
heard the gunshots as well.  Jiminez testified that she heard about five
gunshots, and shortly thereafter observed three men, including appellant, going
into appellant=s downstairs apartment.  According to Jiminez, appellant was holding a Abig gun.@

The
State also introduced a videotape interview at trial between Sergeant Bobby
Roberts of the Houston Police Department and appellant.  In the videotape
interview, appellant acknowledged the initial brief confrontation with Picazo
and admitted to shooting Picazo.  Appellant, however, indicated that he shot
Picazo in self-defense.  According to appellant, after the initial
confrontation, Picazo went to his apartment to retrieve a handgun, returned to
the table where appellant was sitting, and pointed the gun at appellant. 
Appellant stated that Picazo then left and appellant gave his .380 caliber
handgun to his friend, retrieved his .30 caliber rifle from his own apartment,
and waited for Picazo to leave his apartment.  As Picazo was leaving his
apartment, appellant and his friend fired the guns at Picazo.   








The jury
found appellant guilty of murder as alleged in the indictment and assessed
punishment at life in prison.  In one point of error, he contends that the
evidence is legally and factually insufficient to support his conviction
because the evidence established self-defense. 

STANDARDS
OF REVIEW

In a legal sufficiency review, we view all the evidence in
the light most favorable to the verdict and determine whether a trier of fact
could not have found each element of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Young v. State, 14 S.W.3d
748, 753 (Tex. Crim. App. 2000); see also Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim.
App. 1991) (stating that in a legal sufficiency review on the issue of
self-defense, the
reviewing court views the evidence in the light most favorable to the verdict
to see if any rational trier of fact could have found (1) the essential
elements of murder beyond a reasonable doubt and (2) against appellant on the
self-defense issue beyond a reasonable doubt).  The jury is the exclusive judge of
the credibility of witnesses and of the weight to be given to their testimony. 
Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). 
Reconciliation of conflicts in the evidence is within the exclusive province of
the jury.  Id.  We must resolve any inconsistencies in the testimony in
favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim.
App. 2000).

In a factual sufficiency review, we review all the evidence
in a neutral light, favoring neither party.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d 795, 799
(Tex. Crim. App. 2005).  We then ask (1) whether the evidence supporting the
conviction, although legally sufficient, is nevertheless so weak that the jury=s verdict seems
clearly wrong and manifestly unjust, or (2) whether, considering conflicting
evidence, the jury=s verdict is against the great weight and
preponderance of the evidence.  Watson, 204 S.W.3d at 414‑15, 417;
Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). 








SUFFICIENCY
OF THE EVIDENCE 

In
appellant=s sole point of error, he complains that the evidence is legally and
factually insufficient to support his conviction because the evidence
established self-defense.  A person commits murder if he intentionally or
knowingly causes the death of an individual or intends to cause serious bodily
injury and commits an act clearly dangerous to human life that causes the death
of an individual.  Tex. Penal Code Ann. ' 19.02(b) (Vernon 2003). 
Furthermore, a person is justified in using deadly force against another when
and to the degree the actor reasonably believed the deadly force is immediately
necessary to (1) protect the actor against the other=s use or attempted use of unlawful
deadly force, or (2) prevent the other=s imminent commission of aggravated
kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or
aggravated robbery. Tex. Penal Code Ann. ' 9.32(a) (Vernon 2003); Act of May
16, 1995, 74th Leg., R.S., ch. 235, ' 1, sec. 9.32, 1995 Tex. Gen. Laws
2141 (amended 2007) (current version at Tex. Penal Code Ann. ' 9.32(a) (Vernon Supp. 2007)).  The
use of force against another is neither justified in response to verbal
provocation alone, nor if a reasonable person in the actor=s situation would have retreated.  Id.
at '' 9.32(a), 9.31(b); Act of May 12,
1995, 74th Leg., R.S., ch. 190, ' 1, sec. 9.31(b), 1995 Tex. Gen. Laws
1919 (amended 2007) (current version at Tex. Penal Code Ann. ' 9.31(b) (Vernon Supp. 2007)).[1]









A review
of the evidence adduced at trial supports the jury=s verdict and rejection of appellant=s self-defense claim.  First, Barrera
testified that during the initial confrontation when appellant moved
aggressively towards Picazo, Picazo retreated to his apartment.  Barrera testified
that Picazo did not have a gun, that he did not return to the table to threaten
appellant with a gun, and that he did not leave the apartment between the time
of the initial confrontation and the shooting.  Second, Jiminez testified that
she observed appellant holding a Abig gun@ while going into his downstairs
apartment after the gunshots were fired.   Third, and most compelling,
appellant admitted to shooting Picazo. Appellant stated that he gave his .380
caliber handgun to his friend, retrieved his .30 caliber rifle from his own
apartment, waited for Picazo to leave his apartment, and shot him as he was
leaving his apartment.  There is also uncontroverted evidence that Picazo=s back was turned when appellant shot
him.  These facts were sufficient to find the elements of murder beyond a
reasonable doubt.  Id. at 19.02(b).  








Moreover,
a jury could have reasonably concluded beyond a reasonable doubt that appellant
was not justified in using deadly force because a reasonable person would not
have believed deadly force was immediately necessary to protect himself against
Picazo.  The jury could have also reasonably concluded beyond a reasonable
doubt that deadly force was not justified because appellant=s acts were in response to a verbal
provocation alone.[2]  Id.
at 9.31(a).  While appellant claimed that after the initial confrontation
Picazo threatened him with a gun, justifying his use of deadly force, the jury
was free to disbelieve his account of events and believe the testimony of
Barrera and Jiminez.  Hull v. State, 871 S.W.2d 786, 789 (Tex. App.CHouston [14th Dist.] 1994, writ ref=d); see also Valdez v. State,
841 S.W.2d 41, 43 (Tex. App.CHouston [14th Dist.] 1993, writ ref=d) (stating that self-defense is a
fact issue to be determined by a jury).  The only evidence produced supporting
his claim of self-defense was appellant=s own statements, which is
insufficient to prove self-defense as a matter of law.  See Hull, 871
S.W.2d at 789.  Despite appellant=s argument otherwise, the
presentation of defensive evidence will not necessarily render the State=s evidence insufficient since the
credibility determination of such evidence is solely within the jury=s province, and the jury is free to
accept or reject the defensive evidence.  Id. at 790; Saxton, 804
S.W.2d at 913-14. 

We hold
that the evidence is legally and factually sufficient to support the essential
elements of murder beyond a reasonable doubt, and to support the jury=s implicit finding against appellant
on the claim of self-defense.  See Valdez, 841 S.W.2d at 43-44. 
Appellant=s sole point of error is overruled.

We
affirm the trial court=s judgment.

 

/s/      Adele Hedges

Chief Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed March 6, 2008.

Panel consists of
Chief Justice Hedges and Justices Anderson and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Although sections 9.31 and 9.32 have since been
amended, the offense for which appellant was convicted occurred before the
effective date of the September 1, 2007 amendments.  Therefore, the offense is
governed by the previous version of the statute.  See Act of March 21,
2007, 80th Leg., R.S., ch. 1, '' 5, 6, 2007
Tex. Gen. Laws 1, 2 (codified as an amendment of Tex. Penal Code Ann. '' 9.31, 9.32).





[2]  It is also important to note the burdens of the
parties when reviewing a self-defense issue.  The State is not required to
affirmatively produce evidence to refute a self-defense claim, but must prove
its case beyond a reasonable doubt.  Saxton v. State, 804 S.W.2d 910,
913 (Tex. Crim. App. 1991); Valdez v. State, 841 S.W.2d 41, 43 (Tex.
App.CHouston [14th Dist.] 1993, writ ref=d).  The State has the burden of persuasion in
disproving evidence of self-defense.  Saxton, 804 S.W.3d at 913.  This
is not a burden of production; rather, it is a burden requiring the State to
prove its case beyond a reasonable doubt.  Id. at 913.  A jury verdict
of guilty is an implicit finding rejecting the defendant=s self-defense theory. Id. at 914. Here, the
record contains sufficient evidence that would allow a rational trier of act to
conclude that the State met its burden of proof on all elements of the offense
beyond a reasonable doubt, which implicitly rejects appellant=s self-defense claim.