**Affirmed and Memorandum Opinion filed November 15, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-01195-CR
_____

**NIKON KONEMANY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1201771**

## MEMORANDUM OPINION

Appellant Nikon Konemany was charged by indictment with the murder of the complainant, Keenan Patrick Veal. Appellant waived his right to a trial by jury, the trial court found him guilty as charged, and punishment was assessed at thirty years' imprisonment. In two issues, appellant argues that the evidence is legally and factually

insufficient to prove that he did not act in self-defense or in defense of a third party. We affirm.

On the evening of January 29, 2009, the complainant and his cousin, Archie Gainous, drove to a strip mall to purchase a quarter of a pound of marijuana from appellant. Gainous and appellant had spoken previously, and there was a tentative agreement that the drugs would be sold at a price of $1000. When Gainous and the complainant arrived, they had only a few hundred dollars in cash and merchandise between them. Gainous testified that he planned to barter for the drugs; if the terms were not agreeable, he contemplated stealing them outright.

Appellant arrived at the strip mall in a car driven by his wife. Their four-year-old son was sitting in the backseat when Gainous climbed inside and began to negotiate for the drugs. Following a short discussion, Gainous and appellant walked, with drugs in hand, to the other end of the parking lot, where the complainant was waiting in his vehicle. The complainant examined and weighed the marijuana, and then drove his car, with the other two men inside, to a parking spot closer to appellant's vehicle. Gainous and appellant exited the vehicle and tried to close a deal for the drugs. When it became clear that no agreement would be reached, Gainous snatched the marijuana from appellant's hands and ran back to the complainant's car. Appellant struggled to recover the drugs, then returned to his own vehicle and grabbed a small handgun from underneath the front seat. From a crouched position, appellant aimed the gun at the complainant's vehicle and fired a single shot as it was driving away.

The bullet entered through the complainant's back, penetrating major vascular organs, including the spleen, kidney, and diaphragm. The complainant eventually lost consciousness and collapsed at the wheel. After taking control of the vehicle, Gainous steered to a nearby trailer park, where he dragged the complainant outside and pleaded with the residents to call for help. Before emergency services could arrive, Gainous drove the car a short distance away and tried to purge it of any evidence of marijuana. He did not

2

return to the trailer park until thirty or forty-five minutes later, after the complainant had expired.

At trial, appellant testified that, during the struggle, he heard someone say, "Get the gun, get the gun." Appellant claimed that he fired his weapon as a "warning," fearing for the safety of his wife and child. Appellant conceded that he never saw either Gainous or the complainant exhibit a firearm. He also admitted that his shot was fired as the two men were driving away.

Gainous testified that neither he nor the complainant had a gun at the time of the shooting. A forensic chemist found no evidence of gunshot residue on the hands of either man. Testifying under a grant of immunity, appellant's wife stated that she did not witness Gainous or the complainant in possession of a gun. She also testified that she heard no threatening statements from Gainous during the negotiation.

On appeal, appellant argues that the evidence is legally and factually insufficient to prove that he did not act in self-defense or in defense of a third party when he exercised deadly force. Although no gun was ever recovered, he contends that Gainous could have disposed of a gun during the time between his departure from the trailer park and his return.

Self-defense and defense of a third party are regular defenses to prosecution, rather than affirmative defenses. *See* Tex. Penal Code Ann. §§ 2.03, 9.31–.33 (West 2011). An affirmative defense requires that a defendant prove the issue by a preponderance of the evidence. *Id.* § 2.04(d). In a regular defense, the defendant has no burden of proof, only a burden of producing evidence in support of the defense. *Hernandez v. State*, 309 S.W.3d 661, 665 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Once this burden of production has been satisfied, the issue of self-defense is an issue of fact for the judge or jury to decide, which the State may disprove beyond a reasonable doubt. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). The State's burden is ultimately one of persuasion, rather than production. *Id.* The State is not required to refute a defendant's assertion of self-defense; instead, the State must only prove guilt beyond a reasonable

3

doubt. *Bufkin v. State*, 179 S.W.3d 166, 169 (Tex. App.—Houston [14th Dist.] 2005, *aff'd*, 207 S.W.3d 779 (Tex. Crim. App. 2006). As prescribed by the court of criminal appeals, our standard of review is as follows:

> In resolving the sufficiency of the evidence issue, we look not to whether the State presented evidence which refuted appellant's self-defense testimony, but rather we determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of murder beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable doubt.

*Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); *Valdez v. State*, 841 S.W.2d 41, 43 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).

To obtain a conviction for murder, the State was required to prove that appellant (1) intentionally or knowingly caused the death of an individual, or (2) intended to cause serious bodily injury and committed an act clearly dangerous to human life that resulted in the death of an individual. Tex. Penal Code Ann. § 19.02(b)(1)–(2). Gainous and appellant's wife both testified that appellant fired a single gunshot, which killed the complainant. Appellant also testified that he fired a warning shot as the complainant attempted to leave the scene. No witness testified that he or she saw a second weapon involved. As the trier of fact, the trial court was free to disbelieve appellant's testimony that he was acting in self-defense or in defense of a third party. *See Saxton*, 804 S.W.2d at 914; *Hull v. State*, 871 S.W.2d 786, 788 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd). Viewed in the light most favorable to the verdict, we conclude the evidence is legally sufficient to prove every element of the charged offense beyond a reasonable doubt.

Appellant next argues that the evidence is factually insufficient to support the trial court's judgment. In *Brooks v. State*, the Court of Criminal Appeals determined that we should only use a legal sufficiency standard when examining the sufficiency of the evidence in cases where the State must carry the burden of proof beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010). Appellant argues

that *Brooks* "was incorrectly decided . . . because it usurped [the] constitutionally empowered ability of the courts of appeals to examine factual sufficiency."

As an intermediate court of appeals, we must adhere to principles of vertical stare decisis, even where the wisdom of binding precedent is called into doubt. *See Green v. State*, No. 14-09-00338-CR, 2011 WL 3687567, at *6 (Tex. App.—Houston [14th Dist.] Aug. 12, 2011, pet. filed) (Seymore, J., concurring); *Temple v. State*, 342 S.W.3d 572, 646 (Tex. App.—Houston [14th Dist.] 2010, pet. filed) (Seymore, J., dissenting to denial of rehearing en banc); *Ervin v. State*, 331 S.W.3d 49, 56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (Jennings, J., concurring). We therefore decline this opportunity to depart from the dictates of *Brooks*.

Appellant's two issues are overruled, and the judgment of the trial court is affirmed.


/s/      Adele Hedges
           Chief Justice


Panel consists of Chief Justice Hedges, Justice Christopher, and Judge Velasquez.*
*The Honorable Vanessa Velasquez, Judge of the 183rd Criminal Court of Harris County, sitting by assignment pursuant to section 74.003(h) of the Government Code. *See* Tex. Gov't Code Ann. § 74.003(h) (West 2005).
Do Not Publish — Tex. R. App. P. 47.2(b).