**Laura Lee SHORT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–98–171–CR.**

Court of Appeals of Texas,
Fort Worth.

July 1, 1999.

---

**950**

Philip Alan Wischkaeper, Lubbock, and Gary Taylor, Austin, for Appellant.

Barry L. Macha, Criminal District Attorney, John W. Brasher and W. Charles Smith, Assistant District Attorneys, Wichita Falls, for Appellee.

PANEL B: DAY, RICHARDS, and BRIGHAM, JJ.

## OPINION

DAVID L. RICHARDS, Justice.

### Introduction

Appellant Laura Lee Short appeals her conviction for attempted delivery of a controlled substance to an inmate. The trial court assessed her punishment at three years' confinement and a $500.00 fine, but probated her sentence for five years. In six points, appellant complains: the evidence is legally and factually insufficient to support her conviction; the state's prosecution under penal code section 38.11 violates the doctrine of *in pari materia;* the trial court abused its discretion in admitting certain evidence over appellant's objection; and the trial court abused its discretion in denying appellant's motion for new trial based on juror misconduct. We will affirm the judgment of the trial court.

### Summary of Relevant Facts

Lieutenant Cecil Yoder of the Wichita County Sheriff's Department received information from a confidential informant that controlled substances were being brought into the Wichita County Jail with the assistance of detention personnel during the midnight shift. Acting on this tip, Yoder began an investigation in late July 1996. As part of his investigation, he rolled alfalfa hay and carrot tops into what appeared to be marihuana cigarettes and packaged them to resemble narcotics. Each of the cigarettes and the packaging were sprayed with Clue, which, if touched, leaves a residue that can be seen under an ultraviolet light. Acting on his informant's tip, Yoder taped the package under a bench located in the fifth floor's visitation area on Wednesday, July 24, 1996. A surveillance camera attached to a video recorder recorded the area from 11:00 p.m. each night until 7:00 a.m. Each morning when he entered the jail, Yoder confirmed the package was still under the bench and viewed the videotape for any activity around the package. On the morning of July 27, 1996, Yoder discovered the package was missing. When viewing the tape, he saw appellant with Thomas Bohmert, a trustee of the jail, who took the package.[1]

Appellant was a probationary officer employed by the Wichita County Jail. Yoder spoke with appellant both collectively, with the other midnight shift personnel, and individually about narcotics being brought into the jail during the midnight shift that day. Each officer was asked to submit to an ultraviolet light inspection. Only appellant had a trace of the Clue residue on her hands when placed under the ultraviolet light. When questioned further, appellant pulled two cigarettes that appeared to be rolled marihuana cigarettes from her bag and handed them to Lieutenant Yoder.

A jury convicted appellant of attempting to provide a controlled substance to an inmate of a correctional facility. *See* TEX.

---

1. A trustee is an inmate of the jail who is placed into a position of trust that allows the inmate to perform jobs within the jail, in this case, cleaning.

PENAL CODE ANN. § 38.11 (Vernon 1994); TEX. PENAL CODE ANN. § 15.01 (Vernon 1994). Appellant appeals this conviction.

### Legal Sufficiency

In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict. *See Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See McDuff v. State,* 939 S.W.2d 607, 614 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■ The legal sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence. *See Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991); *Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim. App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). Our duty is not to reweigh the evidence from reading a cold record but to act as a due process safeguard ensuring only the rationality of the factfinder. *See Williams v. State,* 937 S.W.2d 479, 483 (Tex.Crim.App.1996). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *See Matson,* 819 S.W.2d at 846.

In her first point, appellant challenges the legal sufficiency of the evidence to support her conviction. Section 38.11 of the Texas Penal Code provides:

**38.11 Prohibited Substances in Correctional Facility or on Property of Texas Department of Criminal Justice**
(a) A person commits an offense if the person provides an alcoholic beverage, controlled substance, or dangerous drug to an inmate of a correctional facility, except on the prescription of a physician.

TEX. PENAL CODE ANN. § 38.11.

■ Conduct which amounts to a criminal attempt to provide a controlled substance to an inmate in a correctional facility is a third degree felony. *See* TEX. PENAL CODE ANN. § 38.11(h). The elements of a criminal attempt are: (1) a person (2) with specific intent to commit an offense (3) does an act amounting to more than mere preparation (4) that tends but fails to effect the commission of the offense intended. *See* TEX. PENAL CODE ANN. § 15.01; *Hernandez v. State,* 903 S.W.2d 109, 113 (Tex.App.—Fort Worth 1995, pet. ref'd).

■ Appellant argues the evidence is legally insufficient to support her conviction because there is no evidence she intended to allow controlled substances into the jail. In determining the legal sufficiency of the evidence to show appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson,* 819 S.W.2d at 846. Bohmert testified that when he found the package, appellant asked him if he wanted to take it. After replying he wanted the package, appellant told him twice to "make sure she got her half." Furthermore, appellant testified that she had been told drugs were getting into the jail through the fifth floor visitation area and was instructed to always look for contraband. Appellant saw the package under the bench and left it there even though she knew Bohmert wanted the package. We hold there is legally sufficient evidence to

support the jury's inference that appellant intended to allow controlled substances into the jail.

■ Appellant further argues there is no evidence she performed an act which tended, but failed to effect the commission of the offense of providing a controlled substance to an inmate because the cigarettes contained alfalfa hay and carrot tops—neither of which is a controlled substance. The penal code provides: "'Act' means a bodily movement, whether voluntary or involuntary, and includes speech." TEX. PENAL CODE ANN. § 1.07(a)(1) (Vernon 1994). Appellant asserts her only action in the record is the search of the visitation area, including the bench and the trash can. Appellant argues no reasonable juror could have found Bohmert's testimony that appellant verbally instructed him to make sure she got her half is an "act" as defined in the penal code. We disagree. The penal code's definition of "act" clearly encompasses speech.

■ Lastly, appellant contends there is no evidence she "provided" a controlled substance to an inmate. The jury instructions allowed the jury to consider whether appellant provided or made available to an inmate a package containing a simulated controlled substance. We hold the evidence is legally sufficient to support appellant's conviction. We overrule appellant's first point.

### Factual Sufficiency

This court has the authority to review fact questions in criminal cases. *See Clewis v. State,* 922 S.W.2d 126, 129–30 (Tex. Crim.App.1996). In reviewing the factual sufficiency of the evidence to support a conviction, we are to view "all the evidence without the prism of 'in the light most favorable to the prosecution.'" *Id.* at 129 (citing *Stone v. State,* 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd, untimely filed)). We may only set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See id.* In performing this review, we are to give "appropriate deference" to the fact finder. *Id.* at 136. We may not reverse the fact finder's decision simply because we may disagree with the result. *See Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App. 1997). Instead, we may find the evidence factually insufficient only where necessary to prevent manifest injustice. *See id.*

In support of her position that the evidence is factually insufficient, appellant argues Bohmert is a convicted felon, which bears on his credibility, and his testimony is riddled with inconsistencies. Appellant also contends that she provided a reasonable explanation for her actions with regard to the package. Appellant testified she saw the package and believed it contained contraband. When Bohmert handed appellant the cigarettes, she thought he was turning over some contraband he found and she intended to fill out an incident report about the cigarettes. However, Yoder testified that when first questioned, appellant denied any knowledge about a controlled substance being brought into the jail that night.

What weight to give contradictory testimonial evidence is within the sole province of the jury because it turns on an evaluation of credibility and demeanor. *See Cain,* 958 S.W.2d at 408–09. Contradictions in the evidence are to be reconciled by the trier of fact and will not result in reversal so long as there is enough credible evidence to support the verdict. *See Jones v. State,* 951 S.W.2d 522, 527 (Tex. App.—Beaumont 1997, pet. ref'd).

We hold appellant's conviction is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule appellant's second point.

### Pari Materia

■ In her third point, appellant urges for the first time on appeal that the doctrine of *in pari materia* applies to section 38.11 of the penal code and section 482.002 of the health and safety code. *See* TEX. PENAL CODE ANN. § 38.11 (Vernon 1994);

see also TEX. HEALTH & SAFETY CODE ANN. § 482.002 (Vernon Supp.1999).[2] Appellant argues her conviction should be reversed and the indictment dismissed because she should have been charged under a different statute.

■ Where a general statute and a specific statute both proscribe a defendant's conduct, the defendant must be charged under the more specific statute. *See Davis v. State*, 968 S.W.2d 368, 372 (Tex. Crim.App.1998). Appellant argues that under the doctrine of *in pari materia* she was entitled to be charged under the Controlled Substances Act because it more specifically describes her conduct because only a simulated controlled substance existed in this case. Because appellant challenges the substance of the indictment, she must have objected before trial in order to preserve her complaint for appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp.1999).

Prior to trial, appellant filed a motion to quash the indictment on the ground that the indictment failed to allege a criminal offense. She failed to attack the indictment on any other ground. Appellant did not raise an objection that the statutes were *in pari materia* until argument on her motion for new trial.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. *See* TEX.R.APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim.App.1998) (op. on reh'g), *cert. denied*, — U.S. —, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). By failing to timely object to the substance of the indictment under the doctrine of *in pari materia*, appellant waived her complaint on appeal.

### Evidentiary Issues

■ In her fifth point, appellant contends the trial court erred by admitting into evidence the chain of custody card which read, "Baggy wrapped in duct tape which was used to package simulated controlled substance." Appellant argues the trial judge erred by allowing the State and its witnesses to refer to the cigarettes as a "simulated controlled substance" because it amounted to an inferential comment on the weight of the evidence and conveyed his opinion to the jury. However, appellant objected below that Yoder was not qualified to testify as to whether alfalfa and carrot tops are chemically different than marihuana in order to qualify as a "simulated controlled substance." A complaint made on appeal must comport with the complaint made in the trial court, or the error is waived. *See House v. State*, 947 S.W.2d 251, 253 (Tex.Crim.App.1997); *Butler v. State*, 872 S.W.2d 227, 236 (Tex. Crim.App.1994), *cert. denied*, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). Because her complaint on appeal does not comport with the complaint made in the trial court, appellant has waived any error.

■ In her sixth point, appellant contends the trial court erred in admitting Yoder's statements regarding his informant. Appellant specifically complains about the following testimony:

---

2. Appellant argues she should have been prosecuted under Texas Health and Safety Code § 482.002 which provides in pertinent part:
    (a) A person commits an offense if the person knowingly or intentionally manufactures with the intent to deliver or delivers a simulated controlled substance and the person:
    (1) expressly represents the substance to be a controlled substance;
    (2) represents the substance to be a controlled substance in a manner that would lead a reasonable person to believe that the substance is a controlled substance; or
    (3) states to the person receiving or intended to receive the simulated controlled substance that the person may successfully represent the substance to be a controlled substance to a third party.
    TEX. HEALTH & SAFETY CODE ANN. § 482.002 (Vernon Supp.1999).

[PROSECUTOR:] Lieutenant Yoder, did you conduct an investigation inside the Wichita County Sheriff's Office during the latter part of July of 1996?

A. Yes, I Did.

Q. And what prompted you to conduct this particular investigation?

A. Information that I received—

[DEFENSE COUNSEL]: Object to hearsay.

THE COURT: Overruled.

[PROSECUTOR]: What prompted you to conduct this investigation?

THE WITNESS: Information I received that controlled substances were being brought into the jail by staff personnel.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. *See* TEX.R. EVID. 801(d). The complained-of testimony merely explains why Yoder began his investigation. Because the statement was offered for this limited purpose and not to prove the truth of the matter asserted, it is not objectionable as hearsay. *See Jones v. State*, 843 S.W.2d 487, 499 (Tex.Crim.App.1992), *cert. denied*, 507 U.S. 1035, 113 S.Ct. 1858, 123 L.Ed.2d 479 (1993); *Jordan v. State*, 852 S.W.2d 689, 693 (Tex.App.—Houston [14th Dist.] 1993), *aff'd*, 883 S.W.2d 664 (Tex.Crim. App.1994). We overrule appellant's sixth point.

## Juror Misconduct

In her fourth point, appellant asserts the trial court erred in denying her motion for new trial based on juror misconduct. Specifically, appellant complains an unknown juror asserted during deliberations that the law does not distinguish between a simulated controlled substance and an actual controlled substance and analogized that a toy gun is treated at law in the same manner as a real gun. Appel-

lant timely filed a motion for new trial supported by an affidavit of Juror Mitchell.

The rules of appellate procedure list specific grounds for which a new trial must be granted. These grounds include, "when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial." TEX.R.APP. P. 21.3(g). Whether misconduct occurred is a decision for the trial court, and we will not disturb that ruling absent an abuse of discretion. *See Hernandez v. State*, 938 S.W.2d 503, 507 (Tex.App.—Waco 1997, pet. ref'd).

Appellant must demonstrate there was a misstatement of the law, asserted as a fact, by one professing to know the law, which was relied upon by other jurors who changed their vote. *See Sneed v. State*, 670 S.W.2d 262, 266 (Tex.Crim.App.1984). The unknown juror's statement that it is legally inconsequential whether the substance attempted to be delivered was, in fact, a simulated controlled substance, was a correct statement of the law as provided in the written jury instructions. The juror's attempt to analogize the situation to a toy gun versus a real gun scenario was inappropriate, as the law often does attach significance to the distinction there. However, the critical question is not whether the analogy was incorrect, but whether the rule of law applicable to the instant case was correctly stated by the juror.[3] Here, the rule of law relating to the instant case was correctly stated. It is immaterial that a rule of law applicable to another case may have been stated incorrectly by one of the jurors.

In addition, we note the conflicting evidence as to whether Juror Mitchell relied upon the unknown juror's statements in determining appellant's guilt. The affidavit attached to the motion for

---

3. In our case, the incorrect assertion concerning toy guns and real guns should not be the focus of our attention. Instead, the critical question is whether the first assertion concerning simulated controlled substances versus actual controlled substances was improper.

new trial states that she voted to find appellant guilty because she wanted the trial over quickly: "I felt I had to vote guilty in order to get [the] case over with so the Judge could go out of town." At the hearing on appellant's motion for new trial, however, she offered a new explanation for her vote. There she stated that she relied on the unknown juror's statements to arrive at the verdict. Under such circumstances, the trial judge was authorized to discount her testimony in its entirety, and overrule the motion for new trial for that reason alone. We hold the trial court did not abuse its discretion in denying appellant's motion for new trial. *See Rent v. State,* 982 S.W.2d 382, 384 (Tex.Crim.App.1998). We overrule appellant's fourth point.

## Conclusion

Having overruled appellant's points on appeal, we affirm the judgment of the trial court.