Affirmed as Modified; Opinion Filed November 28, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01294-CR

MIGUEL SOSA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause No. 416-80189-2011

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Moseley

A jury convicted Miguel Sosa of four counts of aggravated sexual assault of a child and one count of indecency with a child. The trial court assessed punishment at forty years' imprisonment in each of the aggravated sexual assault cases and ten years' imprisonment in the indecency with a child case, with all sentences running concurrently. Sosa appeals and argues the trial court erred by overruling his hearsay objections and denying his motion for a mistrial following an instruction to disregard a hearsay statement. Sosa also argues the evidence is legally insufficient to support one of the aggravated sexual assault convictions. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a),

47.4. We modify the trial court's judgment to reflect the correct punishment in the indecency with a child count and affirm the trial court's judgment as modified.

Sosa and his girlfriend shared an apartment with another couple and their nine-year old daughter, M.V. Sosa and his girlfriend went to two parties one evening where Sosa drank ten to twelve beers, smoked marijuana, and used cocaine. When they returned to the apartment, M.V. was still awake watching TV in the living room. Sosa and his girlfriend went to their bedroom.

M.V. testified that someone came into the living room where she was sleeping that night and turned off the lights. The man took off her pants and began licking her vagina. She could not see his face, but there was enough light from the window that she could see he had a tattoo and a gold necklace. He pulled her pants up and went outside for a while. She was scared and crying. When he came back inside, he took her pants off again, kissed her anus, and put his penis inside her anus. The man went outside again for a while, then returned, lifted her shirt up and licked her breast. After the man went outside again, M.V. ran and told her mother what had happened. M.V. testified that the man's penis did not touch her vagina.

Later the next morning, M.V. was examined by a sexual assault nurse examiner who took an oral history from M.V. before conducting a physical examination. M.V. told the nurse, "He touched with his pencil, tongue and his finger. He put them inside where I go number one and number two." M.V. described the pencil as the male sexual organ. The trial court overruled Sosa's hearsay objection to the nurse's testimony about M.V.'s history. The nurse's physical examination of M.V. indicated redness, abrasions, and tenderness inside and around M.V.'s sexual organ.

The record contains photographs of Sosa's tattoos and a gold necklace he was wearing the morning after the offense. A Department of Public Safety forensic scientist testified that DNA collected from M.V.'s panties matched Sosa's DNA and the chance of randomly selecting another

person who could be a major contributor of the DNA was one out of a number substantially greater than the population of the world.

Sosa's sixth issue challenges the legal sufficiency of the evidence to support his conviction for aggravated sexual assault of a child under count ten of the indictment. That count alleged that Sosa intentionally or knowingly caused M.V.'s sexual organ to contact his sexual organ. *See* TEX. PENAL CODE ANN. § 22.01(a)(2)(C) (West 2011).

We apply the appropriate legal sufficiency standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (U.S. 2012). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id.* Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

In support of his sufficiency challenge, Sosa relies on M.V.'s trial testimony that his sexual organ did not touch her sexual organ. However, M.V. told the SANE nurse the morning of the offense that he touched her with his penis, tongue, and finger and "put them inside where I go number one and number two." The physical examination showed redness, abrasions, and point tenderness on M.V.'s sexual organ.

It is the factfinder's duty "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We "determine whether the necessary inferences are reasonable based upon the combined and

cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326. Direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13.

Considering all the evidence (including that summarized above) in the light most favorable to the verdict, we conclude a rational trier of fact could have found Sosa guilty of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. We overrule Sosa's sixth issue.

Sosa's first issue asserts the trial court erred in overruling his hearsay objection to the nurse's testimony about M.V.'s oral history. A hearsay statement is admissible under rule 803(4) if it is made for the purposes of medical diagnosis or treatment and the statement is reasonably pertinent to diagnosis or treatment. *See* TEX. R. EVID. 803(4). The proponent of the evidence must show (1) the out-of-court declarant was aware the statements were made for the purpose of medical diagnosis or treatment and that proper diagnosis or treatment depended on the truthfulness of the statements, and (2) the particular statement proffered was pertinent to diagnosis or treatment. *See Taylor v. State*, 268 S.W.3d 571, 589–91 (Tex. Crim. App. 2008).

The SANE nurse testified that she explains to the child who she is when taking the patient history and asks questions in order to evaluate the child's medical needs. The nurse will refer the child to a physician for medical treatment if necessary. The nurse tells the children she is writing down verbatim what they say because it is so important and it matters what they say. M.V.'s

examination was conducted at Medical Center of Plano. The nurse testified that M.V. was able to tell her what happened and the nurse wrote the history down verbatim. M.V. was quiet at one point, but very cooperative and scared.

The trial court could have reasonably concluded in light of this testimony and the setting for the examination that M.V. was aware that her statements were for the purposes of medical diagnosis and treatment and was aware of the importance of being truthful. The trial court could also have reasonably concluded that M.V.'s description of where and how she was touched was pertinent to her medical diagnosis and treatment, that is, it was reasonable for the nurse to rely on that information in diagnosing and treating M.V. *See Beheler v. State*, 3 S.W.3d 182, 188–89 (Tex. App.—Fort Worth 1999, pet. ref'd) ("The object of a sexual assault exam is to ascertain whether the child has been sexually abused and to determine whether further medical attention is needed. Thus, statements describing acts of sexual abuse are pertinent to the victim's medical diagnosis and treatment."). We conclude the trial court did not abuse its discretion by overruling Sosa's hearsay objection to M.V.'s statement.[1] We overrule Sosa's first issue.

Issues two, three, and four assert the trial court erred by overruling Sosa's hearsay objections to several statements by police detective Luke Grant. We review these issues under an abuse of discretion standard. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

Sosa raised hearsay objections to statements by detective Grant about the description of the suspect given him by the patrol officers at the scene, about M.V.'s description of the perpetrator in her interview with Grant, and a report by M.V.'s mother that M.V. was hiding in a closet sometime

---

[1] We reject, however, the State's argument that the importance of the oral history in guiding the nurse in her collection of evidence brings the statement within the exception for medical diagnosis and treatment. The need for collection of evidence for a later trial does not alone justify an exception to the hearsay rule and there is nothing in this record indicating the declarant, M.V., was aware of that need or how such awareness gives rise to the same self-interested motive for truthfulness that exists for statements made for the purpose of medical diagnosis or treatment. *See Taylor v. State*, 268 S.W.3d 571, 580 (Tex. Crim. App. 2008) (discussing rationales behind rule 803(4) exception).

after the offense. The State limited its offer of these statements for the effect on the listener. The trial court overruled the objections.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. *See* TEX. R. EVID. 801(d). Thus, a statement is not hearsay if it is not offered to prove the truth of the matter asserted. *See Guidry v. State*, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999). For example, if a statement is offered to show the effect on the listener, rather than for the truth of the matter asserted, then the statement is not hearsay. *See Young v. State*, 10 S.W.3d 705, 712 (Tex. App.—Texarkana 1999, pet. ref'd) (concluding complainant's out-of-court statements "were admissible as evidence of their effect on the listener, rather than of the truth of the matter asserted"); *see generally In re Bexar Cnty. Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 189 (Tex. 2007) (orig. proceeding) (noting out-of-court statements are not hearsay "if offered for their effect on the listener rather than for the truth of the matter asserted").

"Police officers may testify to explain how the investigation began and how the defendant became a suspect." *Lee v. State*, 29 S.W.3d 570, 577–78 (Tex. App.—Dallas 2000, no pet.) (officer testified investigation of appellant resulted from interview with victim); *see also Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995) (victim's appointment book listing defendant's name and patient application listing name similar to defendant's were not hearsay because they were submitted only to show how defendant became a suspect); *Short v. State*, 995 S.W.2d 948, 954 (Tex. App.—Fort Worth 1999, pet. ref'd) (complained-of testimony explained why police officer began his investigation); *Thornton v. State*, 994 S.W.2d 845, 854 (Tex. App.—Fort Worth 1999, pet. ref'd). "An officer's testimony is not hearsay when it is admitted, not for the truth, but to establish the course of events and circumstances leading to the arrest." *Thornton*, 994 S.W.2d at 854.

Grant's statements were offered to show the course of his investigation and how Sosa became

a suspect. We conclude that the trial court did not abuse its discretion when it overruled Sosa's hearsay objections because the statements at issue were not offered to prove the truth of the matter asserted. We overrule Sosa's second, third, and fourth issues.

Sosa's fifth issue argues the trial court erred by denying his motion for mistrial following the court's instruction to disregard a hearsay statement by Grant. Grant testified about his request to the lab supervisor to get the results of DNA testing as soon as possible. He then said that the supervisor later told him the DNA was a match. Sosa objected to the hearsay statement and the trial court immediately instructed the jury to disregard the answer. The trial court denied Sosa's request for a mistrial.

We review the trial court's denial of a motion for mistrial for an abuse of discretion. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). "[O]rdinarily, a prompt instruction to disregard will cure error associated with an improper question and answer." *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). The trial court here did not abuse its discretion by denying the motion for new trial. The prompt instruction to disregard the answer cured any error and in light of the later testimony of the forensic scientist establishing the DNA evidence, the erroneous statement was not so prejudicial that "expenditure of further time and expense would be wasteful and futile." *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). We overrule Sosa's fifth issue.

Sosa also points to a clerical error in the trial court's judgment. The trial court pronounced sentence in the indecency with a child count at ten years' imprisonment, but the judgment on that count incorrectly states the sentence is forty years' imprisonment. We have the authority to reform a judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Asberry v. State*, 813

S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the trial court's judgment on the indecency with a child count to reflect the punishment and place of confinement as ten (10) years in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. R. APP. P. 43.2(b). As modified, we affirm the trial court's judgment.

_____
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
111294F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MIGUEL SOSA, Appellant

No. 05-11-01294-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 416th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
416-80189-2011).
Opinion delivered by Justice Moseley,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, Count VII of the judgment of the trial court is **MODIFIED** to reflect the punishment and place of confinement to be "TEN (10) YEARS INSTITUTIONAL DIVISION, TDCJ; STATE ABANDONED COUNTS III, IV, V, VI, & IX." As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 28, 2012.

_____
JIM MOSELEY
JUSTICE