

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-16-00013-CR

PAMELA GWYNN KRICK                                                APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 97TH DISTRICT COURT OF ARCHER COUNTY
TRIAL COURT NO. 2015-0016A-CR

----------

## MEMORANDUM OPINION[1]

----------

Appellant Pamela Gwynn Krick appeals from her conviction for prohibited substance and items in a correctional facility and ten-year sentence. Because we conclude that the evidence was sufficient to support her conviction but that the judgment contains a clerical error, we modify the trial court's judgment and affirm it as modified.

---

[1]*See* Tex. R. App. P. 47.4.

On December 19, 2014, Krick and her brother were attempting to move some of his things out of a residence. Before they arrived at the house, they had called the police for a "civil standby" to ensure "there's not a breach of the peace" and to protect them while they were removing his things. Chief Justin Perron of the Archer City Police Department and Investigator Tony Hanley with the Archer County Sheriff's Office were dispatched to the house. After getting Krick's and her brother's identifications, Perron discovered that Krick had an outstanding warrant. Perron handcuffed Krick, and Hanley placed her in the back of his patrol car. Krick was wearing a leather jacket and scrubs, but Perron did not search her before or after the arrest. After Krick's brother finished getting his things from the house, Perron moved Krick to his patrol car and drove her to the Archer County Jail.

While Perron and Krick were waiting to enter the secure area of the jail, he warned her that if she had any contraband, she should turn it over before she was searched and booked to prevent "another charge for introducing contraband into the jail." Krick did not tell Perron that she had contraband at that time. Although Perron did not include in his incident report[2] the fact that he informed Krick to turn over any contraband, it was his normal practice to do so with everyone he transported to jail. Perron then took Krick to the "book-in area," which was a secure area of the jail and where officers search all arrestees before

---

[2]Perron's incident report was not entered into evidence.

being processed into the jail. Krick "immediately" told the booking officer, Tina Robertson, that she "wanted to use the restroom." Robertson did not allow Krick to use the restroom at that time because "a toilet is a subject's best friend when they're trying to get rid of something." Robertson then told Krick to remove her jacket, which Krick refused to do because she said she was cold. Robertson removed the jacket from Krick and found "two baggies with white substance" and a small set of digital scales in an interior pocket. Another officer conducted a pat-down search of Krick and found a "torch . . . used to light, heat up what we call a crack pipe" rolled up in the waistband of Krick's pants. The substance in the baggies was tested and identified as methamphetamine.

A grand jury indicted Krick with "intentionally or knowingly tak[ing] a controlled substance, namely, methamphetamine, into the Archer County Jail, a correctional facility." *See* Tex. Penal Code Ann. § 38.11(b) (West 2011). The prefatory information to the indictment identified the offense charged as "PROH SUB CORR FACIL-ALCOHOL/DRUG/PHONE/TOBACCO—38.11(d)(1) PC." At the conclusion of the guilt-innocence portion of the trial, the trial court instructed the jury in the abstract portion of the jury charge that "[a] person commits an offense if the person takes a controlled substance into a correctional facility." *See id.* The abstract portion of the jury charge also included the statutory definitions for the culpable mental states of intentionally and knowingly. *See id.* § 6.03(a)–(b) (West 2011). The application portion of the jury charge instructed the jury that it could find Krick guilty "of the offense of Prohibited Substance and

3

Items in a Correctional Facility . . . as charged in the indictment" if it found beyond a reasonable doubt that Krick "did . . . intentionally or knowingly take a controlled substance, namely, methamphetamine into the Archer County Jail, a correctional facility." The jury found Krick "guilty of the offense of Prohibited Substance and Items in a Correctional Facility as charged in the indictment." Krick elected for the trial court to assess her punishment. The trial court heard punishment evidence—including Krick's prior convictions for forgery, possession of a controlled substance, fraudulent use or possession of identifying information, and failure to identify while being a fugitive from justice—and assessed her punishment at ten years' confinement.

On appeal, Krick argues that the evidence was insufficient to support a reasonable inference that she had the requisite intent to possess or transport methamphetamine in a correctional facility. Specifically, she argues that the evidence only showed that she may have "intended to possess a controlled substance in the book-in area of the jail," not that she intentionally or knowingly took a controlled substance into the jail. In other words, Krick contends, "[t]he context and background of the case [do] not contain facts which demonstrate [she] meant to possess the drugs, let alone that she was aware of their presence at the time she crossed the threshold into the jail facility." Krick's argument, therefore, is an attack on the sufficiency of the evidence to support the alleged culpable mental states—intentionally or knowingly.

4

As a preliminary matter, we note that Krick seems to argue that because the indictment alleged the culpable mental states of intentionally or knowingly, the offense was "transitioned" into a possession case under section 38.11(d)(1)—possession of a controlled substance or dangerous drug while in a correctional facility. *See* Tex. Penal Code Ann. § 38.11(d)(1). The alleged culpable mental state did not change the character of the charged offense. The indictment recited the offense elements found in section 38.11(b)—takes a controlled substance into a correctional facility—and included the culpable mental states of intentionally or knowingly.[3] *See id.* § 38.11(b). The trial court followed the language found in the indictment in its jury charge. Section 38.11(b) does not expressly mandate the appropriate culpable mental state; thus, the culpable mental state may be alleged as either intentionally, knowingly, or recklessly. *See id.* § 6.02(b)–(c) (West 2011). Accordingly, the alleged culpable mental states did not require the State to prove possession under section 38.11(d)(1). *See cf. Smith v. State*, No. 06-13-00185-CR, 2014 WL 1379640, at *1 (Tex. App.—Texarkana Apr. 8, 2014, no pet.) (mem. op., not designated for publication) (noting that indicted offense under section 38.11(b) included culpable

---

[3]Krick argues that the State alleged the elements of section 38.11(c) in the indictment. That subsection criminalizes taking a controlled substance or dangerous drug on "property owned, used, or controlled by a correctional facility." Tex. Penal Code Ann. § 38.11(c). The indictment alleged that Krick took methamphetamine "into the Archer County Jail, a correctional facility," which tracks the language of section 38.11(b). *Id.* § 38.11(b). Neither subsection delineates a culpable mental state.

5

mental states of intentionally or knowingly). We now address whether the evidence supported Krick's conviction under section 38.11(b), which was the indicted offense and the offense the trial court included in its charge to the jury.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). In determining the sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991) (quoting *Farris v. State*, 819 S.W.2d 490, 495 (Tex. Crim. App. 1990), *cert. denied*, 503 U.S. 911 (1992), *overruled on other grounds by Riley v. State*, 889 S.W.2d 290, 300 (Tex. Crim. App. 1993), *cert. denied*, 515 U.S. 1137 (1995)).

We conclude that the jury could have reasonably inferred that Krick intentionally or knowingly took methamphetamine into the jail. Perron warned Krick that any contraband should be disclosed before they entered the book-in area of the jail. Krick "immediately" wanted to go to the restroom with her jacket on when she got to the book-in area. When she was not allowed to do so, she refused to take off her jacket. Not only were drugs and scales found in her

6

jacket, a specialized lighter for a "crack pipe" was found rolled up in the waistband of her pants. These facts were sufficient to infer Krick's culpable mental state. *See Alvarado v. State*, No. 11-10-00262-CR, 2012 WL 3133792, at *2 (Tex. App.—Eastland July 26, 2012, no pet.) (mem. op., not designated for publication); *cf. Brown v. State*, 89 S.W.3d 630, 632–33 (Tex. Crim. App. 2002) (concluding evidence sufficiently established appellant voluntarily took marijuana into a jail under sections 6.01(a) and 38.11(b)); *Short v. State*, 995 S.W.2d 948, 951–52 (Tex. App.—Fort Worth 1999, pet. ref'd) (holding evidence sufficient to establish appellant's intent to commit offense under section 38.11(a)). We overrule Krick's issue.

During our review of the record, we observed that the written judgment of conviction contains a clerical error. As did the prefatory information to the indictment, the judgment lists "PENAL CODE 38.11(d)(1)" as the "<u>Statute for Offense</u>."[4] As we have discussed, this was incorrect. The jury charge and the indictment's "plain and intelligible words" tracked the language found in section 38.11(b). Tex. Code Crim. Proc. Ann. art. 21.02(7) (West 2009); *see also id.* art. 21.11 (West 2009) (providing indictment is sufficiently certain if offense is charged "in ordinary and concise language"). Although the indictment identified section 38.11(d)(1) in a prefatory paragraph, this paragraph was not a required

---

[4]The section entitled "<u>Offense for which Defendant Convicted</u>" showed that Krick was convicted of "PROH SUB CORR FACIL-ALCOHOL/DRUG/PHONE/TOBACCO."

part of the indictment, and the indictment's plain allegations clearly tracked the elements provided in penal code section 38.11(b). *See id.* art. 21.02 (listing required elements of indictment), art. 21.16 (West 2009) (describing sufficient form of indictment, which does not include specific penal code section), art. 21.19 (West 2009) (mandating that defect of form of indictment will not affect result of trial if defect did not prejudice defendant's substantial rights); *Oliver v. State*, 692 S.W.2d 712, 714 (Tex. Crim. App. 1985) (holding language of indictment should be construed in context "by practical rather than by technical considerations and by reading the indictment as a whole"). Because we have the authority to modify incorrect judgments when, as here, the necessary information to do so is available, we modify the trial court's December 10, 2015 judgment to reflect that the "Statute for Offense" is "PENAL CODE 38.11(b)."[5] *See Juarez v. State*, 461 S.W.3d 283, 300–01 (Tex. App.—Texarkana 2015, no pet.); *Figueroa v. State*, 250 S.W.3d 490, 518 (Tex. App.—Austin 2008, pet. ref'd), *cert. denied*, 555 U.S. 1185 (2009). *See generally Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (discussing appellate courts' authority to modify judgments).

As modified, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b).

---

[5]Both section 38.11(b) and section 38.11(d)(1) are third-degree felonies. Tex. Penal Code Ann. § 38.11(g).

8

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 14, 2016